RALPH KRIEGER, Plaintiff-Appellee, v. THE VILLAGE OF CARPENTERSVILLE et al., Defendants-Appellants.

(No. 71-259;

Second District—November 14, 1972.

Richard W. Husted, of Elgin, for appellants.

Marco & Mannina, of Downers Grove, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Village of Carpentersville, appeals from a $30,000 judgment entered upon a jury verdict against it and two of its police

officers, Donald Stevens and H. Kelley. The village contends that the action against it is barred by the statute of limitations; and, further, that it is not liable for the willful torts of its police officers committed in the scope of their employment.

The original complaint was timely filed on June 10, 1966, based on conduct said to have occurred on June 19, 1965. Subsequent amendments to the original complaint all occurred after the applicable one year statute of limitations had run. Ill. Rev. Stat. 1963, ch. 24, sec. 1—4—1.)[1] The village argues that the amendments to the complaint upon which the case was tried, after the bar of the statutory period, stated a new and different cause of action which could not relate back to the original complaint. We do not agree with this conclusion.

Count I of the original complaint charged a violation of civil rights under the fourteenth amendment. It alleged in substance that Kelley and Stevens were acting in their duty as police officers of the village at the time of the wrongful conduct; that the officers and the village wrongfully, unlawfully and without charging plaintiff with any offense took the plaintiff to the station and brutally beat him causing severe injuries requiring hospitalization; that plaintiff was in the exercise of due care for his own safety; and that notice of the incident was given to the village within six months. The count concluded with a prayer for judgment against the defendants, "individually".

Count II realleged the allegations in Count I and added further allegations that plaintiff was not guilty of any criminal acts. Count II also included mental anguish and humiliation as additional elements of damage. In this count plaintiff prayed for judgment against the defendants "individually and collectively".

Count IV realleged all prior allegations, and as material here, also charged the village with negligent hiring and employment of the police officers, stating that this was the proximate cause of plaintiff's beating and damages.

Plaintiff filed an amended complaint on August 15, 1967, after the statute of limitations had run, in response to a motion by the village to dismiss the complaint against it because of its nonliability for civil rights violations under the fourteenth amendment. In the amended complaint Counts I and II charged Kelley and Stevens with the assault, but removed any reference to the village. However, Count IV of the amended complaint realleged the allegations in Count I and again charged the village with negligently employing the officers.

The answer of the village was filed two years and nine months later,

[a] Repealed, but carried over in effect by Ill. Rev. Stat. 1965, ch. 85, sec. 8—101.

on May 25, 1970. On the theory that it was only a defendant to Count IV, the village made no answer to the other counts. On September 14, 1970, just before the trial began, plaintiff filed a second amended complaint. In it, Count I included the village as a defendant, stated that Stevens and Kelley were employed acting in the scope of their employment when they assaulted plaintiff with force and arms, and prayed for judgment against the officers and the village. On the last day of trial a third amended complaint was filed which was similar to the second amended complaint except that the words "willfully and wantonly" were added to the assault charge and an additional amount in punitive damages was requested. In each instance defendants' objections to the amendments were overruled.

■■ The village contends that it was not a party to Counts I and II of the original complaint and that the charge of assault in the amended complaint may not properly relate back to Count IV of the original complaint charging only negligent employment. However, we think a fair reading of the original complaint includes the village as a party within the terms of Counts I and II. The prayer for judgment against the defendants "individually" in Count I, and "individually and collectively" in Count II, does not exclude the village. Impliedly, the village recognized that it was a party to Counts I and II of the original complaint when it moved to dismiss those counts as to it on the ground the fourteenth amendment did not apply to municipal corporations.

■■ The relation back of the amended complaints to the time of the original complaint is governed by Ill. Rev. Stat. 1971, ch. 110, sec. 46(2). The requirement of the statute is that the cause of action set up in the amendment relied upon must have grown out of the same transaction or occurrence set up in the original pleading. As the section has been construed, it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as that stated in the original pleading. (*Metropolitan Tr. Co. v. Bowman Dairy Co.* (1938), 369 Ill. 229-230.) The right to amend and the relation back of an amendment do not depend on the subjective frame of mind of the pleader, but depend on whether the original complaint furnishes to the defendant all of the information necessary to prepare its defense to the claim subsequently asserted in the amended complaint. (*Geneva Construction Co. v. Martin Trans. Co.* (1954), 4 Ill.2d 273, 287-289.) The requirement that a cause of action be stated at the outset with precise accuracy has been shifted to a test of the identity of the transaction or occurrence, on the rationale that the defendant has not been prejudiced so long as his attention has been di-

rected to the facts which form the basis of the claim within the prescribed time. *Simmons v. Hendricks* (1965), 32 Ill.2d 489, 495.

■■ Tested by these standards the amended pleadings alleging assault, on which the case was tried, fairly relate back to the initial pleading. The same transaction or occurrence alleged in Counts I and II of the original complaint is stated in Count I of the amended pleadings— namely, the beating of the plaintiff by officers Stevens and Kelley acting in the scope of their employment. The statute of limitations is not a bar to subsequent amendments even though a new or different type of cause of action is stated, as long as the original and amended pleadings grew out of the same occurrence or transaction. *Cain v. New York Central R.R. Co.* (1962), 35 Ill.App.2d 333, 338-339.

■■ We then reach the question whether the village is liable for the willful torts of its police officers committed in the scope of their employment on June 19, 1965, a time prior to the enactment of the Tort Immunity Act of 1965. Defendant contends that another statute, the applicable Indemnity Act (Ill. Rev. Stat. 1965, ch. 24, sec. 1—4—6), impliedly grants immunity to the village by denying indemnity to its police officers for their willful and wanton torts.

We believe that this issue has been resolved. The cases which have followed *Molitor v. Kaneland Community Unit Dist.* (1959), 18 Ill.2d 11, have consistently held that governmental units are liable in tort on the same basis as private tortfeasors, unless a valid statute dealing with tort immunity and not with indemnity, imposes conditions upon that liability. See *Andrews v. City of Chicago*[2] (1967), 37 Ill.2d 309, 310; *Housewright v. City of LaHarpe* (1972), 51 Ill.2d 357, 364-366; *Arnolt v. City of Highland Park* (1972), 52 Ill.2d 27, 30-32, (which overrules *sub silentio* the majority opinion in *Mills v. County of Winnebago* (1969), 104 Ill.App.2d 366, upon which defendant relies).

The village, however, argues that the cited cases apply only to negligent torts and not to the willful and wanton tort with which we are concerned here. We cannot agree. The same reasons that prompted the court in *Molitor* to abolish the sovereign immunity of a local public entity in a negligence action apply as well to more culpable, willful tort actions— namely, the injustice to the litigant deprived of his cause of action. The cases following *Molitor* have consistently refrained from making any distinction regarding the tort liability of municipal entities on the basis of the nature of the tort. (See, *Andrews v. City of Chicago* (1967), 37

---

[2] Under Ill. Rev. Stat. 1965, ch. 24, sec. 1—4—5. However, we note that the operative language in that section is identical with that in Ill. Rev. Stat. 1965, ch. 24, sec. 1—4—6 involved here, except that the former statute dealt with municipalities over 500,000 rather than municipalities under 500,000.

Ill.2d 309, 310; *Walker v. Forest Preserve Dist.* (1963), 27 Ill.2d 538, 540; *List v. O'Connor* (1960), 19 Ill.2d 337, 340.) On the contrary, in *Huey v. Town of Cicero* (1968), 41 Ill.2d 361, 363, the court, in *dicta,* recognized that *Molitor* and *Andrews* were decisions "holding municipalities liable for affirmative negligent *or wilful acts* by their employees * * *." (Emphasis added.)

The case before us involves a willful and wanton tort committed subsequent to *Molitor* and prior to the Tort Immunity Act of 1965. It is therefore governed by common law rules of *respondeat superior.* The village is liable for the torts committed by its agents acting within the scope of their employment, including willful and wanton torts.

The trial court properly overruled the motion to dismiss the complaint and correctly permitted the case to go to the jury on the willful and wanton count.

The judgment below is affirmed.

Judgment affirmed.

T. MORAN and GUILD, JJ., concur.