BETTY SANDER HARVEY, a/k/a Davis, et al., Plaintiffs-Appellants, v. HARRIS TRUST AND SAVINGS BANK, Defendant-Appellee.

First District (1st Division)    No. 78-322

Opinion filed June 4, 1979.—Rehearing denied July 9, 1979.

Drobny, Goode, Douglas and Brewer, of Chicago (Donald R. Brewer, of counsel), for appellants.

Abbey Blattberg and Randall L. Mitchell, both of Chapman and Cutler, of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal taken by the plaintiff from orders of the circuit court of Cook County granting the defendant's motion to strike and dismiss the complaint and denying the plaintiff's motions for leave to file an amended complaint and to vacate the dismissal. The issues presented for review are: (1) whether the trial court abused its discretion in denying the plaintiff's motions; and (2) whether there was sufficient proof of fraudulent concealment of a cause of action by the defendant to serve to avoid the applicable five-year statute of limitations. We affirm.

The factual background giving rise to this action is as follows:

Ernest J. Sander (decedent) died testate on January 16, 1970, survived by Emma Sander, his second wife, and two daughters, Marjorie Sander and Betty Sander Harvey, the plaintiff herein. He was also survived by his divorced first wife, Mae Sander, the mother of his two daughters. At the time of his death Ernest J. Sander and his second wife, Emma, resided in Walkerton (Starke County) Indiana.

The decedent's will, which was dated December 27, 1955, nominated Chicago National Bank as the executor and trustee. This bank merged with Harris Trust and Savings Bank, the defendant herein. The record indicated that on February 19, 1970, the decedent's safe-deposit box at Mid-City National Bank of Chicago was opened. The contents of the box, which consisted of the decedent's assets as well as the aforementioned will, were turned over to the defendant as the nominated executor. The will was filed in the probate division of the circuit court of Cook County and, thereafter, transferred to Starke County, Indiana.

The record shows that on April 30, 1970, a conference was held in the defendant's offices with the decedent's widow, two daughters and their attorneys in attendance. At this conference the defendant stated that it would not accept the appointment under the will as the executor and trustee because of the failure of the decedent's family to cooperate with each other, the nature of the assets, and the potential claims and liabilities that might arise as a result of such appointment.

On May 4, 1970, Marjorie and Mae Sander opened probate proceedings by filing a petition for letters of administration to collect in the probate division of the circuit court of Cook County. Mae Sander, the decedent's first wife, was appointed administrator to collect in this

proceeding. She filed a motion to order the defendant to turn over the decedent's Illinois assets.

On July 13, 1970, the court ordered that this motion be continued pending the appointment of an administrator with the will annexed as requested in a petition filed by Emma Sander in a second Illinois probate proceeding.[1] In her petition Emma Sander nominated herself as administrator with the will annexed. On July 17, 1970, Betty and Marjorie Sander filed a cross-petition for letters of administration with the will annexed in which they nominated Betty for the appointment and stated under oath that the defendant refused to accept the nomination as executor.

Meanwhile, on June 5, 1970, another probate proceeding was instituted in the circuit court of Starke County, Indiana. Letters of administration were issued to Emma Sander and Betty Sander Harvey as co-administrators of the decedent's estate. The record shows that on May 6, 1970, the defendant filed a renunciation of its appointment as executor in the circuit court of Starke County, Indiana. Subsequently, on July 13, 1970, the defendant filed a renunciation of its appointment as executor in the circuit court of Cook County.

On September 9, 1970, Emma Sander, by an order of the circuit court of Cook County, was appointed administrator with the will annexed in the second Illinois probate proceeding. The court then heard the motion raised by Mae Sander in the first Illinois probate proceeding to order the defendant to turn over the decedent's Illinois assets. This motion was denied. On September 23, 1970, Emma Sander presented the defendant with a certified copy of the order appointing her administrator with the will annexed. The defendant then proceeded to deliver the assets of the estate which had come into its possession as the nominated executor to Emma Sander who in turn presented the defendant with a receipt. Thereafter, the defendant had no further involvement with the decedent's assets or his estate.

In closing the first Illinois probate proceedings in conjunction with her status as administrator to collect, Mae Sander filed on December 4, 1970, a petition in lieu of a final accounting. In filing an answer on December 8, 1970, Emma Sander, as administrator with the will annexed in the second Illinois probate proceeding, stated that she and the defendant, as the nominated executor, had diligently collected and preserved the assets belonging to the decedent in Illinois, Iowa and Indiana and, therefore, no further action would be necessary to collect said assets.

---

[1] Although the exact date of the filing of this petition is unclear, the record indicates that it occurred shortly after Emma Sander moved to Illinois on June 15, 1970.

On May 18, 1971, Betty Sander Harvey and Marjorie Sander filed a petition for removal and to surcharge Emma Sander as administrator with the will annexed. In this petition they again stated that the defendant had refused to accept the nomination as executor and also raised various issues charging loss, damage and waste in connection with the assets of the decedent's estate. They further alleged that counsel for Emma Sander had harassed and threatened them thereby causing a substantial delay in the opening up of the administration of the estate in Illinois. They contended that counsel for Emma Sander had intimidated and threatened the defendant to such an extent that it refused to accept the appointment as the decedent's executor. On July 2, 1971, they filed an amended petition for removal and to surcharge Emma Sander in which they again stated that the defendant had declined to accept the appointment as executor. The court held in favor of Emma Sander and denied the petition.

On October 22, 1970, Emma Sander, as the decedent's widow, renounced the decedent's December 27, 1955, will. The assets of the decedent's estate were sold and the proceeds distributed in accordance with the renunciation of the will. Emma, as the widow, and Betty and Marjorie, as the decedent's daughters, were each to receive one-third of the estate. Pursuant to a May 27, 1971, order in the second Illinois probate proceeding the first partial distribution of the proceeds was made with the delivery to the above mentioned individuals of checks dated June 1, 1971, in the amount of $20,000 each. The record fails to indicate when the estate of Ernest J. Sander was actually closed.

On Novembr 12, 1976, Betty Sander Harvey filed the present action in the form of a pro se complaint on behalf of herself and her two sons, Douglas Alan Davis and William Porter Davis, grandsons of the decedent against the defendant, Harris Trust and Savings Bank.[2] Betty Sander Harvey, as the sole plaintiff, alleged in her complaint that the defendant had accepted the appointment under the decedent's will as executor and trustee. She further alleged that the defendant had breached the testamentary trust of the decedent when it filed a renunciation of its appointment. The plaintiff sought $750,000 in damages as a result of this alleged breach.

On December 16, 1976, the defendant filed a motion to strike and dismiss the complaint. It alleged that the plaintiff's claims had already been adjudicated in the circuit court of Cook County in a prior action filed by the plaintiff against the defendant bank; that the claim asserted against the defendant is barred by the determination of the issues or the opportunity to have such issues determined in the two aforementioned

---

[2] No appearance was made by the decedent's grandsons nor was an appearance made by an attorney in their behalf. Therefore, they are not parties to this action.

Illinois probate proceedings; that the claim is barred by the statute of limitations; that the defendant properly took possession of the decedent's assets and delivered them to the personal representative of the estate; and that the plaintiff did not state a cause of action against the defendant. The defendant included affidavits and exhibits in support of said motion. Included was the affidavit of Mr. Abbey Blattberg, an attorney for the defendant, as well as the affidavit of Mr. Daniel Engstrom, a vice-president of the defendant bank. The plaintiff did not file any counteraffidavits.

The plaintiff subsequently retained legal counsel and on February 24, 1977, her attorney filed an appearance and made a jury demand. On June 22, 1977, the defendant's motion to dismiss the complaint with prejudice was sustained by the trial court. In issuing said order the court held that the defendant never accepted the nomination as executor or trustee under the will of Ernest J. Sander and stated further that the defendant properly took possession of the decedent's assets and preserved them until they were turned over to Emma Sander as administrator with the will annexed. The court also found that the allegations in the complaint were insufficient to sustain a cause of action and that pursuant to section 15 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 16), the plaintiff's action was time barred.

The plaintiff's counsel filed a motion, on July 18, 1977, to vacate the June 22, 1977, order alleging fraudulent concealment of a cause of action by the defendant. A motion for leave to file an amended complaint was also filed by the plaintiff's attorney at that time. The defendant filed a response to these motions on October 7, 1977, in which it denied that there was a concealment of any cause of action. Thereafter, a hearing was had on said motions and they were denied with prejudice on November 23, 1977. The plaintiff filed her notice of appeal on December 22, 1977, thus commencing the instant appeal.

■■■ The plaintiff initially ascribes error to the trial court's refusing to allow her leave to file an amended complaint and denying her motion to vacate the dismissal. While it is true that section 4 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 4) provides that all sections of the Act, including the one relating to the amendment of pleadings (see Ill. Rev. Stat. 1975, ch. 110, par. 46(1)) be liberally construed, leave to amend the pleadings prior to the entry of final judgment is within the sound discretion of the trial court. (*Beagley v. Andel* (1978), 58 Ill. App. 3d 588, 374 N.E.2d 929; *Erzrumly v. Dominick's Finer Foods, Inc.* (1977), 50 Ill. App. 3d 359, 365 N.E.2d 684.) "[T]he denial of a motion to amend will not be regarded as prejudicial error unless there has been a manifest abuse of discretion." (*Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 161, 335 N.E.2d 10; accord, *Simon v. Plotkin* (1977), 50 Ill. App. 3d 603,

365 N.E.2d 1022.) It is also well settled in Illinois that the decision to vacate and set aside judgments rests within the sound discretion of the trial court. *Village of LaGrange Park v. Hess* (1928), 332 Ill. 236, 163 N.E. 672; *Czyzewski v. Gleeson* (1977), 49 Ill. App. 3d 655, 365 N.E.2d 577. ■■■ The plaintiff asserts that considering the circumstances in the instant case it was a manifest abuse of discretion for the trial court to deny her motions. She asks this court to apply more lenient procedural standards to pro se litigants than is generally allowed attorneys. However, the Illinois Supreme Court in *Biggs v. Spader* firmly established that the pro se litigant must comply with the same rules of procedure required of attorneys. (*Biggs v. Spader* (1952), 411 Ill. 42, 103 N.E.2d 104; accord, *National Bank v. First Wisconsin National Bank* (1977), 53 Ill. App. 3d 482, 368 N.E.2d 119.) Furthermore, although no counsel appeared of record for the plaintiff when the case was first filed on November 12, 1976, counsel was retained and made an appearance and jury demand on behalf of the plaintiff as early as February 24, 1977. This was four months prior to the hearing on the defendant's motion to strike and dismiss the complaint and nine months before the defendant's motion to vacate was argued. It should be reiterated that at no time did counsel for the plaintiff file any counteraffidavits. Where one party files an affidavit and the other party does not file a counteraffidavit in response, the facts alleged in the affidavit are taken as true. (*Loughman Cabinet Co. v. C. Iber & Sons, Inc.* (1977), 46 Ill. App. 3d 873, 361 N.E.2d 379.) Therefore, the defendant's uncontroverted affidavits which accompanied its motion to strike and dismiss the complaint must be taken as true. Finally, although the plaintiff's attorney withdrew prior to oral arguments in this court, he did so in response to the plaintiff's motion to discharge and her election to conduct oral arguments in her own behalf.

The plaintiff's second contention raised in this appeal is that she should have been afforded an opportunity to amend her complaint to show that the defendant had fraudulently concealed a cause of action. She argues that her action is not barred by the statute of limitations because section 22 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 23) is applicable in this case. We cannot agree.

■■ Section 22 of the Limitations Act provides:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." (Ill. Rev. Stat. 1975, ch. 83, par. 23.)

Acts or misrepresentations affirmatively showing fraudulent concealment of a cause of action by the defendant which prevented the plaintiff from

discovering she had a cause of action must be alleged by the party seeking to avail herself of section 22 of the Limitations Act. (*Brainerd v. Flannery* (1978), 56 Ill. App. 3d 991, 373 N.E.2d 26; *Wilson v. LeFevour* (1974), 22 Ill. App. 3d 608, 317 N.E.2d 772.) The defendant must have made representations or performed acts which were known by it to be false, with the intent to deceive the plaintiff, and upon which the plaintiff detrimentally relied. (*Wilson; Edwards v. Chicago & Northwestern Ry. Co.* (1967), 79 Ill. App. 2d 48, 223 N.E.2d 163.) Furthermore, when the party affected by the fraud might have discovered it with ordinary diligence section 22 of the Limitations Act does not come into play. (*Bush v. Continental Casualty Co.* (1969), 116 Ill. App. 2d 94, 253 N.E.2d 619.) Finally, "[m]ere silence of the defendant and mere failure on the part of the plaintiff to learn of a cause of action do not amount to such fraudulent concealment." *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 887, 374 N.E.2d 670; accord, *Bush; Antczak v. Antczak* (1965), 61 Ill. App. 2d 404, 209 N.E.2d 838.

■■ Applying these principles to the case at bar, it is evident that the plaintiff has failed to meet the requirements imposed by section 22 of the Limitations Act. We can find nothing in the record which would suggest that the defendant made representations or performed acts which fraudulently concealed a cause of action from the plaintiff. The plaintiff's claim is premised on the defendant's failure to perform an accounting. However, the failure on the part of the defendant to perform an accounting of the assets held by it does not by itself constitute fraudulent concealment. (See *Kenroy, Inc.; Bush; Antczak.*) The plaintiff should have requested an accounting.

■■ We should note that the plaintiff failed to indicate when she acquired knowledge of the alleged concealed cause of action to commence the running of the statute of limitations. In addition, the plaintiff has failed to incorporate a proposed amended complaint into the record on appeal alleging facts in support of her claim of fraudulent concealment. Consequently, we are unable to review the soundness of the trial court's decision and must assume that it did not abuse its discretion in denying the plaintiff's motions for leave to amend the complaint and vacate the dismissal. *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 170 N.E.2d 147, cert. denied (1961), 365 U.S. 879, 6 L.Ed. 2d 191, 81 S. Ct. 1029; *Erzrumly v. Dominick's Finer Foods* (1977), 50 Ill. App. 3d 359, 365 N.E.2d 684.

■■ We find it unnecessary to determine the issue discussed by both parties as to whether or not a trust relationship existed between the defendant and the decedent's estate because any such relationship which may have existed terminated when the plaintiff became aware of the defendant's renunciation of its appointment as executor and trustee. Indeed, there is evidence to suggest that the plaintiff was informed of the

288

defendant's renunciation as early as April 30, 1970, while she attended a conference being held in the defendant's office. In any event it is clear that the plaintiff obtained knowledge of the defendant's renunciation no later than July 2, 1971, when in filing an amended petition for removal and to surcharge Emma Sander she stated under oath that the defendant had declined to accept the appointment. We conclude, therefore, that since the plaintiff's complaint was filed on November 12, 1976, over five years after all of the pertinent events in this action had transpired, the suit is barred. See Ill. Rev. Stat. 1975, ch. 83, par. 16.

We should also note that the plaintiff has not offered any reason why the matters raised herein could not have been brought to the attention of the probate court. The plaintiff was a party to or had a chance to participate in two Illinois probate proceedings and thus had ample opportunity to present all the matters deemed necessary in that court.

For the foregoing reasons the orders of the circuit court of Cook County are affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.