MARILYN BLONDER *et al.*, Plaintiffs-Appellants, v. WALTER F. WATTS, Defendant-Appellee.

Second District   No. 2—87—0294

Opinion filed February 19, 1988.

■■■■■■■■■■

Debra S. Rade, of Northbrook, for appellants.

Stephen R. Swofford, Adam S. Kreuzer, and Lynn D. Dowd, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Marilyn and Michael Blonder, appeal from a summary judgment entered in favor of defendant, Walter F. Watts, M.D., on the basis that plaintiffs' action for medical malpractice and loss of consortium was barred by the medical statute of limitations. Plaintiffs contend that the statute of limitations for fraudulently concealed causes of action (Ill. Rev. Stat. 1985, ch. 110, par. 13—215) was applicable and that their lawsuit was not barred under this provision. We affirm.

Plaintiffs' original complaint, filed on June 11, 1984, was directed solely against Ralph Ryan, M.D. Count I alleged that Marilyn was injured as a result of Dr. Ryan's negligent performance of an episiotomy during the June 16, 1979, delivery of her first child. Count II alleged that Michael suffered loss of consortium as a result of Dr. Ryan's negligence. The trial court granted Dr. Ryan's separate motion for summary judgment, and this court affirmed the order granting the motion. *Blonder v. Ryan* (1987), 157 Ill. App. 3d 1160 (unpublished Rule 23 order).

On June 21, 1985, plaintiffs designated Dr. Watts as a respondent in discovery pursuant to section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—402), and on December 20, 1985, they filed a fourth amended complaint adding Dr. Watts as a defendant. Count III alleged that, on June 29, 1980, during the delivery of Marilyn's second child, Dr. Watts was negligent in attempting to repair a torn sphincter muscle suffered in the delivery of her first child and in performing an episiotomy, resulting in further injury to Marilyn. This count further alleged that Dr. Watts did not inform Marilyn of the damage he had caused and, instead, falsely represented

to her at her post-partum examination approximately six weeks after the second delivery that he had repaired the damage to her rectum and that she had healed. Count IV alleged that Michael suffered loss of consortium as a result of the negligence of Dr. Watts. Dr. Watts' motion for summary judgment alleged that plaintiffs' causes of action were barred by the applicable statute of limitations, and the trial court granted it.

■■ Under section 13–212 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13–212), medical malpractice actions must be brought no later than four years from the date of the alleged negligent act or omission, unless section 13–215 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13–215), which concerns fraudulently concealed causes of action, is applicable. According to plaintiffs' complaint, the alleged negligent acts or omissions of Dr. Watts occurred on June 29, 1980; however, Dr. Watts was not named as a respondent in discovery until June 21, 1985. Although naming Dr. Watts as a respondent in discovery tolled the statute of limitations (see Ill. Rev. Stat. 1985, ch. 110, par. 2–402), plaintiffs' causes of action were already time barred at this point, unless, as plaintiffs contend, section 13–215 of the Code was applicable.

Section 13–215 of the Code states as follows:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action and not afterwards." (Ill. Rev. Stat. 1985, ch. 110, par. 13–215.)

When the party affected by the fraud could have discovered it through the exercise of ordinary diligence, however, the above provision does not toll the running of the limitation period if a reasonable time remained to file suit. *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 322, 402 N.E.2d 560, 573; *Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 287, 391 N.E.2d 461, 466; *Solt v. McDowell* (1971), 132 Ill. App. 2d 864, 867, 272 N.E.2d 53, 56.

Dr. Watts attached excerpts from Marilyn's deposition to his motion for summary judgment in which she had stated that, upon her discharge from the hospital following the birth of her first child, she began to experience problems with uncontrollable flatulence and incontinence. Several months later, while she was pregnant with her second child, she mentioned these symptoms to Dr. Watts during a checkup. Dr. Watts informed Marilyn that she had a severed sphincter muscle and stated that he would repair the muscle during the delivery

of her second child, which occurred on June 29, 1980. Approximately six weeks after her second child was delivered, Marilyn saw Dr. Watts for her post-partum checkup and informed him that she was still experiencing difficulties with her rectum and that the previous symptoms were persisting. Dr. Watts advised Marilyn that additional surgery could be performed if necessary, but recommended that she first attempt to alleviate the problem by performing certain exercises. Marilyn testified that the exercises strengthened her rectum, but the incontinence and flatulence persisted. Marilyn did not consult another physician about these problems until 1984. She stated that Dr. Ryan and Dr. Watts led her to believe that her problems may have been ordinary consequences of the delivery of her two children.

■ Summary judgment should only be granted if the undisputed evidence when construed most strongly against the moving party establishes that he is entitled to judgment as a matter of law. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85, 508 N.E.2d 1201, 1207.) The plaintiff has the burden of responding to a defendant's motion for summary judgment by bringing forth facts which raise an alternative inference. *Neumann v. Gloria Marshall Figure Salon* (1986), 149 Ill. App. 3d 824, 826, 500 N.E.2d 1011, 1013; *Randle v. Hinckley Parachute Center, Inc.* (1986), 141 Ill. App. 3d 660, 661, 490 N.E.2d 1041, 1042.

■ In the case at bar, the trial court properly granted Dr. Watts' motion for summary judgment. During the delivery of Marilyn's second child, Dr. Watts was supposed to repair her sphincter muscle. According to Marilyn's deposition testimony, however, her problems with incontinence and flatulence recurred shortly after the delivery and persisted. Even if Dr. Watts did fraudulently represent to Marilyn that he had repaired the damage to her rectum, the recurrence of the exact same symptoms after the delivery of her second child should have led Marilyn to suspect that this representation was false. Marilyn could have discovered Dr. Watts' alleged fraud within a short period after his alleged negligence had she exercised a reasonable degree of diligence, leaving her ample time to file suit within the time provided in the statue of limitations for medical malpractice actions (Ill. Rev. Stat. 1985, ch. 110, par. 13—212). She is not, therefore, entitled to rely upon the fraudulent concealment provision of the Code set forth in section 13—215. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 322, 402 N.E.2d 560, 573; *Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 287, 391 N.E.2d 461, 466; *Solt v. McDowell* (1971), 132 Ill. App. 2d 864, 867, 272 N.E.2d 53, 56.) None of the exhibits attached to Marilyn's response to the motion for sum-

mary judgment set forth any facts which tend to rebut our conclusion that the recurrence of incontinence and flatulence shortly after the delivery of her second child should have caused her to suspect that any statement that Dr. Watts had repaired the damage to her rectum was false and should have led her to discover the fraudulent nature of any such statement well within the time provided in the medical malpractice statute of limitations, thus precluding reliance upon section 13—215.

Since Marilyn's cause of action is barred by the statute of limitations, under section 13—203 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13—203), Michael's action for loss of consortium is barred as well. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.