931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald E. McCABE, Plaintiff-Appellant,
v.
George T. CALEEL, et al., Defendants-Appellees.
 No. 90-2163.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided May 3, 1991.
Rehearing and Rehearing En Banc Denied May 31, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gerald McCabe brought suit under 42 U.S.C. Sec. 1983 alleging that the Illinois Department of Registration and Education, through the Illinois State Medical Disciplinary Board (the Board), revoked his medical license in violation of his right to due process. The basis for his due process claim was that the Board contained more than four members from the same political party in violation of Ill.Rev.Stat. ch. 111, p 4435. McCabe appears to argue that the resulting political imbalance deprived him of due process. The district court dismissed the case with prejudice because state entities may not be sued under Sec. 1983, and because relief against the remaining defendants was barred by the statute of limitations and qualified immunity. We affirm the decision of the district court because the Sec. 1983 action was not brought within the limitations period.
 
 
 2
 In Kalimara v. Illinois Department of Corrections, 879 F.2d 276, 277 (7th Cir.1989), we held that the two-year limitations period in Ill.Rev.Stat. ch. 110, p 13-202 was applicable to Illinois-based claims under Sec. 1983. McCabe's medical license was revoked in 1977, and this action was not filed until 1989. McCabe argues that the action is nevertheless timely because fraudulent concealment by the defendants tolled the limitations period under Ill.Rev.Stat. ch. 110, p 13-215. Paragraph 13-215 provides that the limitations period does not begin to run until the plaintiff discovers that he or she has a cause of action. The Illinois courts have interpreted that provision as tolling the limitations period until the existence of the cause of action was, or could have been, discovered. See e.g. Jordan v. Lind, 176 Ill.App.3d 530, 537-38, 531 N.E.2d 168, 173 (3rd Dist.1988); Blonder v. Watts, 166 Ill.App.3d 633, 635, 520 N.E.2d 75, 77 (2d Dist.1988).
 
 
 3
 Since the first hearing in 1977, McCabe has alleged that the Board was illegally constituted. He argues, however, that he was not aware of the existence of his cause of action until much later, when the Illinois Freedom of Information Act gave him the right to seek access to records relevant to his charge. McCabe asserts that the statute of limitations did not begin to run until September 1989 when he obtained the last documents proving that the Board was illegal. Even accepting McCabe's argument that he could not have known of the cause of action until the discovery of certain records, we reject his proposed starting date for the limitations period. The Illinois Freedom of Information Act took effect on July 1, 1984, and McCabe used that mechanism to obtain records relating to various issues surrounding his license revocation. Despite the access to records provided by the Act, he did not seek records concerning the makeup of the Board until 1987, and did not extensively pursue that issue until later. McCabe instead concentrated his efforts during that time on obtaining information concerning the merits of the license revocation proceedings, and specifically concerning the prescriptions allegedly issued by him. Therefore, by his own accounting of events, with reasonable diligence he could have discovered the political makeup of the Board and the existence of his cause of action at a much earlier point in time. We need not precisely identify a date at which the limitations period began to run, because the facts indicate that the date at least would be more than two years prior to the filing of the action in December 1989.
 
 
 4
 Accordingly, the decision of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement, the briefs, and the record, the requests for oral argument are denied and the appeal is submitted on the briefs and record