Telois **MILES**, Appellant,

v.

**A.O. SMITH HARVESTORE PRODUCTS, INC.; A.O. Smith Corporation, Appellees.**

No. 92–3183.

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1993.

Decided May 7, 1993.

John R. Elrod, Siloam Springs, AR, for appellant.

John C. Dods, Kansas City, MO, Roger A. Glasgow and Troy A. Price, Little Rock, AR, on the brief), for appellees.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Telois Miles appeals from a final order entered in the United States District Court [1] for the Western District of Arkansas granting summary judgment to appellees A.O. Smith Corp. and A.O. Smith Harvestore Products, Inc. (hereinafter referred to collectively as Harvestore), holding that her cause of action is barred by the applicable statute of limitations. *Miles v. A.O. Smith Harvestore Products, Inc.,* No. 91–3069 (W.D.Ark. Aug. 21, 1992) (order and letter opinion). For reversal, appellant argues that the district court erred in granting summary judgment because an issue of material fact remains unresolved. For the reasons discussed below, we affirm the judgment of the district court.

I

Because this is an appeal from a grant of summary judgment, we relate the facts in

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

the light most favorable to appellant as the non-moving party. Appellant operates a dairy farm near Berryville, Arkansas. Her late husband Lee also participated in the operation of the farm until his death in 1990. In 1973, appellant and her husband purchased two Harvestore silos in which to store feed for their animals. These silos were designed to store feed in an oxygen-free, glass-lined environment. This system was supposed to keep the feed from being contaminated or spoiled for years.

The Harvestore sales representatives who sold the silos to appellant promised that the Harvestore system would yield benefits to appellant's operation, including increased milk production, lower labor and feed costs, and higher profits. Appellant put one of the Harvestore silos into operation in 1974. In early 1975 appellant and her husband noticed that the feed that had been stored in the silo was contaminated by mold. Harvestore's agents made repeated visits to appellant's farm to try to remedy the situation, but the contamination continued to recur. The problems were never alleviated. Appellant put the second Harvestore silo into service in 1981.[2] This silo was filled only once, and by 1982 it exhibited the same symptoms as the first silo.

During the entire period that the Harvestore silos were in service, appellant's cattle suffered such maladies as sudden death, decreased milk production, spontaneous abortions, and other reproductive problems. Appellant also claims to have had higher operating costs during this time. Both silos eventually became so clogged with mold-contaminated feed that appellant discontinued their use. Since 1985 the silos have gone unused, still partially full of feed.[3]

Evidence obtained by appellant during discovery reveals that Harvestore was aware of the deficiencies in the Harvestore silo system, but continued to sell them. After the sale to appellant, Harvestore continued to send her (and other Harvestore owners) a magazine called "Harvestore Farming/Farmer." This in-house periodical extolled the virtues of the Harvestore silo system, despite Harvestore's knowledge that many users had experienced problems with it.

In April of 1990, appellant's son read an article in a different magazine detailing the similar problems faced by other users of the Harvestore silo system. The article recounted the successful litigation that farmers situated similarly to appellant had brought against Harvestore.

Appellant instituted the present diversity action on August 27, 1991. Appellant alleged fraud and conspiracy to defraud. Harvestore moved for summary judgment on the ground that appellant's cause of action was barred by the applicable three-year statute of limitations. The district court ruled that appellant's cause of action accrued in 1985 at the very latest, for that was when she abandoned the silos as wholly useless. The district court noted that appellant was aware almost as soon as the silos were erected on her property that they did not live up to the representations of Harvestore, and that there was no effort by Harvestore to conceal appellant's cause of action so as to toll the statute of limitations. The district court found that the facts giving rise to the cause of action were plainly visible from the time appellant put the silos into service, and that appellant had actual knowledge that the representations of Harvestore were false; she certainly had reason to know that she had been defrauded. She did not file her complaint until 1991, more than six years later. The district court granted summary judgment in favor of Harvestore. This appeal followed.

## II

■ This court reviews a grant of summary judgment *de novo*, without deferring to the decision of the district court. The ques-

---

2. The reason for the delay in constructing the second silo is not apparent from the record.

3. Appellant is not the first Harvestore owner who has brought the deficiencies of the silo system to the attention of the courts. *See, e.g., Agristor Fin. Corp. v. Van Sickle,* 967 F.2d 233 (6th Cir.1992);

*Estate of Korf v. A.O. Smith Harvestore Prods., Inc.,* 917 F.2d 480 (10th Cir.1990); *Hines v. A.O. Smith Harvestore Prods., Inc.,* 880 F.2d 995 (8th Cir.1989); *H.L. Peterson Co. v. Applewhite,* 383 F.2d 430 (5th Cir.1967).

tion before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *St. Paul Fire & Marine Ins. Co. v. FDIC,* 968 F.2d 695, 699 (8th Cir.1992).

Arkansas law is applicable in this diversity case. We review *de novo* the district court's determination of state law. *Salve Regina College v. Russell,* 499 U.S. 225, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). The applicable statute of limitations requires that an action for fraud be brought within three years from the date the cause of action accrues. Ark.Code Ann. § 16–56–106; *Dupree v. Twin City Bank,* 300 Ark. 188, 777 S.W.2d 856, 858 (1989). A cause of action accrues the moment the right to commence an action comes into existence. *Courtney v. First Nat. Bank,* 300 Ark. 498, 780 S.W.2d 536, 537 (1989). Affirmative action on the part of the defendant charged with fraud to conceal a plaintiff's cause of action will toll the running of the statute of limitations. *Hughes v. McCann,* 13 Ark.App. 28, 678 S.W.2d 784, 786 (1984). Fraud does suspend the running of the statute of limitations, and the suspension remains in effect until the plaintiff discovers the fraud or should have discovered it by the exercise of reasonable diligence. *Id.* 678 S.W.2d at 786–87. The widely quoted language on the tolling of the statute of limitations in Arkansas is:

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it.

*Wilson v. General Elec. Capital Auto Lease, Inc.,* 311 Ark. 84, 841 S.W.2d 619, 620–21 (1992).

Appellant argues that her cause of action did not accrue until 1990 because she did not become aware that Harvestore had *knowingly* misled her until her son read the magazine article detailing the litigation involving the Harvestore silos. Appellant claims that "before she could have known that she had a *fraud* action she must have known what defendants knew, i.e., that they themselves had knowledge that their representations were false.... She never knew what defendants knew internally about their product until ... April, 1990." (Appellant's Reply Brief at 2 (emphasis in original)).

This argument is groundless. A plaintiff's ignorance of his or her right to sue does not toll the running of the statute of limitations. *Wilson v. General Elec. Capital Auto Lease, Inc.,* 841 S.W.2d at 620. The argument depends on the idea that appellant did not know that Harvestore intended to deceive her, despite ample evidence that Harvestore's representations regarding the silo system were untrue.

Appellant argues that the district court erred in holding that the magazine that Harvestore provided to her did not conceal her cause of action for fraud from her so as to toll the statute of limitations until 1990 when the truth about the Harvestore silos was revealed to her. The district court held, and we agree, that the representations in the magazine did not rise to the level of affirmative conduct concealing appellant's cause of action from her. Affirmative acts of concealment toll the statute of limitations until the fraud is discovered or should have been discovered with the exercise of reasonable diligence. *Id.* In the present case, Harvestore took no steps to conceal the facts giving rise to appellant's cause of action. It would have been impossible for Harvestore to have done so—the evidence was in appellant's yard, in daily use for the feeding of her animals. Appellant by the exercise of reasonable diligence should have realized that Harvestore had misrepresented the qualities of the silos.

Appellant further argues that the district erred in granting summary judgment because determining when she discovered or should have discovered the fraud allegedly perpetrated on her is a fact question for the

jury to decide. Appellant contends that such a conclusion is compelled in the present case by our decision in *Hines v. A.O. Smith Harvestore Prods., Inc.*, 880 F.2d 995 (8th Cir.1989) (*Hines*). In *Hines* we noted that "normally in a statute of limitations context fraudulent concealment and a plaintiff's due diligence are questions of fact unsuited for summary judgment." *Id.* at 999. Where, as here, the evidence leaves no room for a reasonable difference of opinion, the district court may resolve fact issues as a matter of law. *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1351 (8th Cir.1989), *cert. denied*, 498 U.S. 813, 111 S.Ct. 50, 112 L.Ed.2d 26 (1990).

*Hines* concerned Harvestore owners (husband and wife) who brought problems similar to those encountered by appellant to the attention of Harvestore. *Hines*, 880 F.2d at 997. The owners were assured by Harvestore that the problem with their silos involved faulty seals and that the problem could be remedied. *Id.* The owners, who bought the silos in 1976, allowed Harvestore to attempt repairs until 1983. *Id.* The owners brought a diversity action against Harvestore in 1986. *Id.* at 998. Harvestore asserted Missouri's five-year statute of limitations as a bar to the action, claiming as it does in the present case that the owners' cause of action accrued as soon as they knew that the representations concerning the performance of the Harvestore system were false. *Id.* The district court granted summary judgment in favor of Harvestore. *Id.* at 996.

On appeal to this court, the owners argued that the problems with the silos were attributed by Harvestore to the faulty seals and thus they did not know nor had they reasonable cause to believe that the silos, if properly sealed, nevertheless could not live up to Harvestore's claims. *Id.* at 998. The owners asserted that Harvestore lulled them into believing that the silos, while not presently functioning properly, could be made to operate and perform as promised by repairs to the seals. *Id.* We held that a factual dispute existed as to when the cause of action accrued and reversed the summary judgment. *Id.* at 999.

 No such factual dispute exists in the present case. Allowing appellant the full benefit of the precedent of *Hines*, the limitations period began to run, at the latest, in 1985, when appellant, like the owners in *Hines*, knew that the Harvestore silos could not operate as represented. Instead of promptly instituting her fraud action, appellant allowed the statute of limitations to lapse.

Accordingly, the judgment of the district court is affirmed.