[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12919
Non-Argument Calendar

_____

D. C. Docket No. 05-20248-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABRAHAM DANIEL,
a.k.a. Daniel Abraham,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 26, 2008)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Abraham Daniel appeals his four-month sentence imposed for violating his

supervised release by failing to report to a probation office within 72 hours of his release from the custody of the Bureau of Prisons. Although he admits that he did not report to a probation office, Daniel argues that the district court erred by finding that he violated the terms of his supervised release because: (1) during his original sentence hearing, he was not informed that he was being placed on supervised release; and (2) the government did not carry its burden of proof because it failed to present any evidence that he was provided with notice of the terms of his supervised release.

We review a district court's revocation of supervised release only for an abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). Under 18 U.S.C. § 3583(e), the district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3). The preponderance standard "does not relieve the sentencing court of the duty of exercising the critical fact-finding function that has always been inherent in the sentencing process . . . . Preponderance of the evidence is not a high standard of proof. It is not, however, a toothless standard either." United States v. Askew, 193 F.3d 1181, 1183 (11th Cir.

2

1999) (internal citations and quotations omitted).

When reviewing a probation revocation, which follows "essentially the same" analysis as revocation proceedings relating to supervised release, see United States v. Almand, 992 F.2d 316, 318 n.5 (11th Cir. 1993), "all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required," United States v. Robinson, 893 F.2d 1244, 1245 (11th Cir. 1990) (internal citation omitted). Importantly, "[a] district court's findings of fact are binding on this court unless clearly erroneous," Almand, 992 F.2d at 318 (internal quotation omitted), and we generally will not review its credibility determinations, United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994).

The district court did not abuse its discretion in revoking Daniel's supervised release. At the revocation hearing, Daniel admitted that he did not go to the probation office within 72 hours of his release from custody, but he testified that he did not recall being told to report to a probation officer or that he was being sentenced to supervised release. The district court was free to make an adverse credibility determination about Daniel's failure to recall being notified of the terms of his supervised release. See id. Moreover, there was sufficient evidence

presented at the hearing, based on the minutes from Daniel's sentence hearing, the district court's own knowledge of the sentencing procedures it used, and the testimony by probation officer Lori Morales that Daniel had signed a form instructing him that he had 72 hours after his release to report to the nearest probation office, to establish by a preponderance of the evidence that Daniel willfully failed to report to a probation office within 72 hours of his release from custody.

**AFFIRMED.**