Russell HILDEBRANDT; Rodney LaChapelle; Thomas St. George; Robert A. Florentine; and LeRoy Kostman; Marguerite Hildebrandt; Raymond Boever; Joan Marie Boever; Allen Campeau; Vernon Goetz;

John Jeanetta; Appellant,

Mark Nerison; Charlotte Nerison

Raymond Oney; Appellant,

Gerald Potvin; Sylvester Rauch; Camille Rauch; Calvin Sass; Glady Sass; Thomas Schmidt; Louis Tratar; Irene Trater; Craig Williams; Barbara Williams; Robert Walter; Eugene Nordstrom; Charlotte Fisher; Maxine Hildreth; Sandra Johnson; Elizabeth Larson; Nancy McVeigh; Deborah Morris; and Carolyn Scheler

v.

ALLIED CORPORATION, Appellee,

v.

WHIRLPOOL CORPORATION;

Whirlpool Corporation;

Union Carbide Corporation; Mobay Chemical Corporation; E.I. DuPont deNemours & Company; Allied Chemical Corporation; Appellees,

Dow Chemical Corporation;

Olin Corporation; Appellee,

and John Does 1 through 1000.

and

The DOW CHEMICAL COMPANY &

Union Carbide Corporation; Appellee,

v.

WHIRLPOOL CORP.

v.

UNION CARBIDE CORPORATION; Mobay Chemical Corporation; E.I. DuPont deNemours & Company; Allied Chemical Corporation; Appellees,

Dow Chemical Corporation;

Olin Corporation; Appellee,

Russell Hildebrandt; Rodney LaChapelle; Thomas St. George; Robert A. Floren-

tine; LeRoy Kostman; Raymond Boever; Vernon Geotz;

John Jeanetta; Appellant,

Mark Nerison; Charlotte Nerison;

Raymond Oney; Appellant,

Gerald Potvin; Sylvester Rauch; Calvin Sass; Thomas Schmidt; Louis Tratar; Craig Williams; Robert Walker; Eugene Nordstrom; Louis Kuchenmeister.

No. 86–5464.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1987.

Decided Sept. 28, 1987.

John C. McNulty, St. Paul, Minn., for appellants.

Steven J. Kirsch, St. Paul, Minn., for appellees.

Charlotte M. Reed, John C. McNulty, Marcy S. Wallace, St. Paul, Minn., for appellants.

William E. Gordon, Jr., Legal Dept., E.I. DuPont deNemours, Wilmington, Del.

Neut L. Strandemo, Inver Grove Heights, Minn., for appellant.

Louis A. Lehr, Jr., John L. Ropiequet, Arthur L. Klein, Chicago, Ill., pro se.

R.E. Martell & T.C. Cook, John M. Harens, Chris R. Kabella, St. Paul, Minn., pro se.

Robert F. Henson, Henson & Efron, Minneapolis, Minn., pro se.

Gerald M. Linnihan, Jardine, Logan & O'Brien, St. Paul, Minn., Michael R. Borasky, C. Arthur Wilson, Jr., Pittsburgh, Pa., for Mobay Corp.

William P. Studer, W. John Bruckner, St. Paul, Minn., for Union Carbide.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judges.

LAY, Chief Judge.

This appeal involves a personal injury action brought by John Jeanetta and Raymond Oney against several chemical companies who manufactured toluene diisocyanate (TDI). Both plaintiffs alleged they incurred permanent lung damage by reason of their exposure to TDI while working for Whirlpool Corporation in Minnesota. The trial court, the Honorable James Rosenbaum, entered summary judgment for the defendants on the grounds that plaintiffs' claims were barred by the Minnesota stat-

ute of limitations.[1] We reverse and remand for a plenary trial.[2]

Jeanetta and Oney were both exposed to TDI shortly after it was introduced in the Whirlpool plant in 1962. The chemical was mixed to create a foam-like substance used to insulate freezer cabinets. Both Jeanetta and Oney brought their claims on September 27, 1984. They allege that they did not know until April of 1984 that their permanent respiratory ailment was causally related to TDI. Based upon affidavits and depositions of the plaintiffs, the trial court found that the plaintiffs both knew of the physical injuries and the causal relationship of TDI no later than 1972. The trial court rejected the plaintiffs' argument that although they were aware of their injury in the form of sensitization to TDI, they did not know that their respiratory injuries were or could be permanent. On appeal the plaintiffs also claim, as they did in the trial court, that they did not know until 1984 that their permanent respiratory ailment was causally related to the earlier exposure to TDI.

Under Minnesota law, two elements must be satisfied under the discovery rule before a cause of action accrues in cases involving injuries caused by a defective product: (1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission. *Karjala v. Johns–Manville Products Corp.*, 523 F.2d 155, 160–61 (8th Cir.1975) (quoted with approval in *DeCosse*

v. *Armstrong Cork Co.*, 319 N.W.2d 45, 48–49 (Minn.1982)); *see also Dalton v. Dow Chemical Co.*, 280 Minn. 147, 152–54, 158 N.W.2d 580, 583–85 (1968).

The joint complaints allege that plaintiffs suffered a permanent respiratory impairment. The evidence shows that both Jeanetta and Oney manifested symptoms after their initial exposure to TDI when they were employed by Whirlpool in 1962. However, the evidence is questionable whether they knew or should have known those symptoms were the manifestation of harm or impairment for which they now claim damages, *Karjala*, 523 F.2d at 160, or whether those symptoms were the manifestation of temporary sickness or discomfort. As earlier observed by the Supreme Court "injurious consequences of [an] exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifest themselves * * *." *Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282 (1949) (citing *Associated Indemnity Corp. v. Industrial Accident Comm'n*, 124 Cal. App. 378, 381, 12 P.2d 1075, 1076 (1932)). Where the factual evidence raises different inferences "[t]he time at which [an] impairment manifest[s] itself" is for a jury to determine. *Karjala*, 523 F.2d at 161; *see also Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387–88 (10th Cir.1985) (issue of when plaintiff knew or should have known of a cause of action is a ques-

1. In view of its ruling on summary judgment and based upon plaintiffs' knowledge of their injuries and the alleged causal relationship of TDI on or before 1972, the trial court did not resolve which Minnesota statute applied. Under Minn.Stat. 541.05, subd. 2, strict liability claims are subject to a four year statute of limitations if they arose on or after April 15, 1978. Strict liability claims accruing before that date are generally fixed by a six year limitation period. The court did not determine whether Sec. 2–725 of the Uniform Commercial Code (Minn.Stat. 336.2–725) which provides a four year limitation to claims for breach of implied warranty applies to product liability-based breach of warranty claims.

2. Defendants assert on appeal that plaintiffs' notice of appeal is not timely. Summary judgment was entered against plaintiffs on June 17,

1986. Prior to that time plaintiffs' claims were joined in an amended petition with thirty-two other parties. On October 21, 1986, plaintiffs requested the trial court to certify an appealable order under Fed.R.Civ.P. 54(b). Plaintiffs filed an appeal within thirty days of this order. Defendants claim that the parties were notified by the district court clerk that the trial court planned to sever the suits for trial and on that basis plaintiffs' claims stand alone and they should have appealed within thirty days of June 17, 1986. We disagree. Plaintiffs appeal from a multi-party suit. The mere fact that the trial court planned to sever them for trial is immaterial. No order had yet been entered. We therefore hold that plaintiffs filed a timely notice of appeal to the final order certified under Fed.R. Civ.P. 54(b).

tion of fact for the jury) (citing *Williams v. Borden*, 637 F.2d 731, 738 (10th Cir.1980); *Ballew v. A.H. Robins Co.*, 688 F.2d 1325 (11th Cir.1982); *Lundy v. Union Carbide Corp.*, 695 F.2d 394 (9th Cir.1982); *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642 (8th Cir. 1982)).

The evidence shows that five years after Jeanetta's initial exposure to TDI, he went to see a doctor because of the symptoms he was manifesting and the doctor could find nothing wrong with him at that time. Similarly, Oney was told by Whirlpool's company doctor that there was no correlation between the symptoms he was manifesting and TDI. Under these circumstances, it cannot be said as a matter of law that plaintiffs had knowledge of the cause of their medical problems at the time found by the district court. In *Brazzell v. United States*, 788 F.2d 1352 (8th Cir.1986), we held that the trial court was correct in disregarding an injured plaintiff's suspicions about the cause of her injuries. *Id.* at 1356. Because the plaintiff's subjective suspicion as to the cause of injury was disregarded by a physician, we held it would be unfair to charge her to know differently. *Id.* There is a substantial difference between knowledge of injury and the cause of that injury and mere suspicion. *Maughan*, 758 F.2d at 1387. The evidence shows that Jeanetta and Oney's suspicions regarding their symptoms about TDI were either unconfirmed or denied at the time of their early employment with

Whirlpool. If they had filed an action when they were employed at Whirlpool and complained of their symptoms, their claim may well have been dismissed as frivolous.[3] A jury, like the plaintiffs' physicians, may have concluded that the plaintiffs' manifestations were unrelated to TDI exposure. Thus, if the plaintiffs had filed, a later cause of action could have been barred. We do not believe Minnesota's applicable statutes of limitation were intended to provoke the premature commencement of claims for temporary sickness or discomfort. Rather, the plaintiffs are entitled to wait until the cause has been rationally identified. *Williams*, 637 F.2d at 735 (citing *Schiele v. Hobart Corp.*, 284 Or. 483, 587 P.2d 1010, 1014 (1978)).

"[W]here the issue of limitations involve determinations [of when a claim begins to accrue], summary judgment cannot be granted unless the evidence is so clear that there is no genuine factual issue and the determinations can be made as a matter of law." *Lundy*, 695 F.2d at 398 (citing *Williams*, 637 F.2d at 738). Given the question of when the plaintiffs knew or should have known they were injured and the causal relationship between their injuries and the defendants' alleged misconduct, and, mindful of our duty to draw all reasonable inferences in favor of Oney and Jeanetta, we are unable to agree with the district court that this case presents no

**3.** *See also Corrigan v. Burlington Northern R.R., Inc.*, 612 F.Supp. 665 (D.Minn.1985), a suit where the employee perceived a rash on his hands and arms in 1965. A Burlington Northern doctor told him he had dermatitis in 1967. He thereafter was not treated for contact dermatitis until 1982. In 1982, he told his physician he had suffered dermatitis for over seventeen years and the physician determined that he was 20% disabled from occupational dermatitis. The railroad urged the three year statute of limitations should apply. The plaintiff alleged that although he had his skin condition since 1965, he did not know it would lead to contact dermatitis and a disabling injury. Judge Diana Murphy in denying the railroad's motion for summary judgment observed:

> Construing the evidence most favorably to plaintiff, the court finds that a material issue of fact remains as to when plaintiff became aware that he had work-related contact der-

matitis. While plaintiff gave a statement back in 1965 about a "skin condition" he contracted, the record at this point does not clearly show that he knew that this rash was the same skin disease for which he now claims damages. *See Gulf, Colorado & Sante Fe Railway Co. v. McClelland*, 355 F.2d 196 (5th Cir. 1966). *Cf. Coots v. Southern Pacific Co.*, 49 Cal.2d 805, 322 P.2d 460 (1958) (Limitations period under FELA did not begin to run for injuries due to dermatitis until condition became quite severe and debilitating). Nor do the reports filed by Drs. Anderson and Ravits after plaintiff began this litigation demonstrate that plaintiff was informed that he had contact dermatitis prior to Dr. Brennan's 1982 report. Various other railroad reports filed over the years allude merely to a "skin rash" or "eczema".

*Corrigan*, 612 F.Supp. at 668.

genuine issue of material fact.[4] Accordingly, the summary judgment of the district court is reversed and the cause remanded for further proceedings.

**4.** Given our decision, we need not pass upon plaintiffs' claim of fraudulent concealment. We note in passing, however, that fraudulent concealment will never be a viable claim where the discovery rule is involved. A cause of action accrues when a plaintiff is aware of the facts necessary to plead a prima facie case. If those facts have been fraudulently concealed from a plaintiff, the cause of action cannot accrue and, thus, there is nothing to be tolled.