**Karen Ann KLEMPKA, Appellant,**

v.

**G.D. SEARLE AND COMPANY,
A Delaware Corporation,
Appellee.**

**No. 91–2775.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1992.

Decided April 28, 1992.

Michael B. Sokol, Minneapolis, Minn., argued, for appellant.

Paula Osborn, Minneapolis, Minn., argued, for appellee.

Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Karen Ann Klempka appeals from the order of the district court[1] granting sum-

mary judgment in favor of appellee G.D. Searle and Company (Searle) on the basis that Klempka's products liability claim was time-barred under Minnesota law. Klempka argues that the district court erred in holding that her pelvic inflammatory disease (PID) started the statute of limitations to run. We affirm.

## I. FACTS

The facts of this case are fully developed in the district court's opinion and we see no value in restating them in detail. *See Klempka v. G.D. Searle and Co.*, 769 F.Supp. 1061 (D.Minn.1991). We refer only to the facts relevant for this appeal.

On October 15, 1976, Klempka had a Cu–7 intrauterine device manufactured by Searle inserted by her physician, Dr. Ong. She experienced difficulties, including pain and cramping, immediately upon insertion of the Cu–7. After consulting with Dr. Ong during the following months, a cyst was detected on her right ovary.

On January 31, 1977, Klempka was hospitalized and the Cu–7 was removed during a laparoscopy. Based on the surgical findings, Dr. Ong diagnosed chronic PID. During her hospitalization, Dr. Ong informed Klempka that the PID was caused by the Cu–7.

Klempka married in September 1978. In 1981, she and her husband desired to have a child but were experiencing difficulty in conceiving. She consulted her physician. On August 16, 1982, Klempka was informed for the first time that she was infertile and that the Cu–7 may have caused her infertility.

Klempka commenced this suit against Searle in July 1986. She asserted claims of negligence, strict liability, fraud, misrepresentation, and breach of express and implied warranties. Searle moved for summary judgment, invoking Minnesota's six-year statute of limitations for personal injury actions. Klempka resisted the motion, arguing that her awareness of her infertili-

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

ty in August 1982, and not her awareness of her PID in February 1977, started the statute of limitations to run. The district court granted summary judgment to Searle. Klempka appeals that ruling.

## II. DISCUSSION

Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. We must therefore examine Minnesota law to determine the applicable statute of limitations and decide when a cause of action accrues under the statute. *See Salve Regina College v. Russell,* —— U.S. ——, ——, 111 S.Ct. 1217, 1218, 113 L.Ed.2d 190 (1991).

 Under Minnesota law, a plaintiff must file suit for personal injuries on claims of negligence, fraud, misrepresentation, and strict liability within six years after the claim accrues. Minn.Stat. § 541.-05. The claim accrues and the statute of limitations begins to run when the plaintiff has suffered some damage as a result of the alleged negligence. *Dalton v. Dow Chem. Co.,* 158 N.W.2d 580, 584 (Minn. 1968). In *Hildebrandt v. Allied Corp.,* 839 F.2d 396, 398 (8th Cir.1987) (citations omitted), we held that a claim involving personal injuries allegedly caused by a defective product accrues when two elements are present: "(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission."

Applying these principles, we find that Klempka's cause of action accrued in February 1977. At that time, Klempka was diagnosed with chronic PID, and her physician informed her that the Cu–7 caused the PID and the "massive infections" in both fallopian tubes. Therefore, we hold that in February 1977 both the injury was manifest and the cause of her injury identified.

 Klempka argues that she was not aware of the full extent of her injuries until after she was unable to conceive and was diagnosed in August 1982 as infertile. She claims, therefore, that the injury was not manifest until this later date. We disagree. Although she did not know the full extent of her injuries, she clearly knew in February 1977 that she was injured and that the injuries were, in her physician's opinion, caused by the Cu–7. A plaintiff who is aware of both her injury and the likely cause of her injury is not permitted to circumvent the statute of limitations by waiting for a more serious injury to develop from the same cause. *Cf. Greenbrier Village Condo. Two Ass'n v. Keller Inv.,* 409 N.W.2d 519, 523–25 (Minn.Ct.App.1987) (the statute of limitations period on a cause of action for defective workmanship began to run when the plaintiff discovered the initial structural defects and the likely cause of the defects, as opposed to when the plaintiff subsequently discovered additional defects from the same defective workmanship); *see also Continental Grain Co. v. Fegles Constr. Co.,* 480 F.2d 793, 797 (8th Cir.1973) (Under Minnesota law, "[i]t is not necessary for the final or ultimate damages to be known or predictable, however, the statute begins to run when some damage occurs which would entitle the victim to maintain a cause of action."). The First, Fourth, and Seventh Circuit Courts of Appeals have addressed this identical issue and have reached the same conclusion. *See Gagnon v. G.D. Searle & Co.,* 889 F.2d 340 (1st Cir.1989) (applying New Hampshire law); *Granahan v. Pearson,* 782 F.2d 30 (4th Cir.1985) (applying Virginia law); *Miller v. A.H. Robins Co., Inc.,* 766 F.2d 1102 (7th Cir.1985) (applying Indiana law).

Klempka also argues that the injury for which she seeks recovery is her resulting infertility, first diagnosed in 1982, rather than the comparatively "trivial" PID injury, and therefore the statute of limitations should begin to run in 1982. We disagree. Klempka states in her complaint that she suffered "injuries including, but not limited to, the following: a series of infections of her uterus, fallopian tubes, ovaries and other parts of the pelvic region, necessitating the surgical removal of the Cu–7, *resulting in* permanent scarring and disfigurement and sterility to the Plaintiff...." (emphasis added). It is clear that Klempka seeks recovery for the PID injury as well as the

infertility. We find that her infertility is not a separate and distinct injury that would start the statute of limitations to run in 1982, but instead, is a consequential damage resulting from the PID. *See Granahan,* 782 F.2d at 32–33. A plaintiff is not permitted to split one's initial and consequential injuries in order to meet the statute of limitations' deadlines. *Id.*

We have reviewed Klempka's remaining arguments and find them to be without merit.

## III. CONCLUSION

We affirm the district court's order granting summary judgment in favor of Searle.