SHARON MACKERETH, Plaintiff-Appellant, v. G.D. SEARLE AND COMPANY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—95—4194

Opinion filed December 20, 1996.

Jeffrey M. Goldberg, of Jeffrey M. Goldberg & Associates, of Chicago, and Roger L. Pardieck, of Pardieck, Gill & Vargo, of Seymour, Indiana, for appellant.

Anne E. Rea, of Sidley & Austin, of Chicago, and Paul F. Strain and Dino S. Sangiamo, both of Venable, Baetjer & Howard, L.L.P., of Baltimore, Maryland, for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Sharon Mackereth (plaintiff), a Minnesota resident, brought this action against G.D. Searle & Co. (Searle) to recover damages for injuries that she attributes to her use of a Copper-7 intrauterine contraceptive (IUD or Cu-7) manufactured and marketed by Searle. Plaintiff's complaint consisted of three counts, alleging fraud, negligence and strict liability. Pursuant to a section 2—619 motion brought by Searle (735 ILCS 5/2—619 (West 1992)), the trial court dismissed plaintiff's complaint as time-barred under the Minnesota statute of limitations. The issue before this court is whether plaintiff's complaint was timely filed. For the reasons that follow, we affirm the trial court's order of dismissal.

Plaintiff began using the Cu-7 in July of 1981. The IUD was prescribed and inserted in Minnesota. Plaintiff used the IUD for a two-year period, during which time she experienced irregular bleeding, heavier menstrual periods, cramps and painful intercourse. Plaintiff had the IUD removed in July of 1983.

Subsequently, plaintiff suffered a series of gynecological injuries and underwent several remedial procedures, including a diagnostic laparoscopy in 1985, which revealed that both her ovaries were covered with adhesions; surgery in 1989, which revealed adhesions covering plaintiff's fallopian tube and a diagnosis of pelvic inflammatory disease (PID); surgical intervention of three ectopic pregnancies in 1991, 1992 and 1993; the removal of a fallopian tube; and residual infertility.

Plaintiff's complaint alleges that, although she was examined and treated by numerous physicians since 1983, she was not informed until May of 1993 that her injuries were likely caused by use of the Cu-7 10 years earlier.

On February 23, 1995, 12 years after the Cu-7 was removed, plaintiff filed this action in the circuit court of Cook County, Searle's principal place of business being Illinois. The trial court granted Searle's motion to dismiss, finding her claim had expired under the applicable Minnesota statute of limitations.

■ Initially, we must determine which law is to be applied in this case. Statutes of limitation are procedural, affecting only the remedy available and not the substantive rights of the parties, and are generally governed by the law of the forum state. *Cox v. Kaufman*, 212 Ill. App. 3d 1056 (1991). Accordingly, since Illinois is the forum state, this court looks to Illinois' law relating to the limitation of actions.

■ Our General Assembly has enacted a "borrowing statute" addressing the statute of limitations to be applied where the cause of action has arisen outside our state. It provides:

"Foreign limitation. When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State." 735 ILCS 5/13—210 (West 1992).

■ Plaintiff's cause of action undeniably arose in Minnesota, where the IUD was prescribed, placed, used and caused injury. Accordingly, we look to Minnesota law in order to determine whether plaintiff's claim was timely. The applicable Minnesota statute of limitation states that the following actions shall be commenced within six years:

"(5) For criminal conversation, or for any other injury to the

person or rights of another, not arising on contract, and not here-inafter enumerated;

(6) For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud[.]" Minn. Stat. Ann. § 541.05, subd. 1 (West 1988).

Minnesota law further provides that "any action based on the strict liability of the defendant and arising from the manufacture, sale, use or consumption of a product shall be commenced within four years." Minn. Stat. Ann. § 541.05, subd. 2 (West 1988). Therefore, under Minnesota law, plaintiff's negligence and fraud claims must have been brought within six years of the accrual of plaintiff's cause of action and within four years for the product liability claim.

■ Section 2—619(a)(5) of the Code of Civil Procedure authorizes a defendant to file a motion to dismiss on the ground that the action was not commenced within the time prescribed by law. 735 ILCS 5/2—619(a)(5) (West 1992). For purposes of the motion to dismiss, all well-pleaded facts in the pleadings as well as reasonable inferences to be drawn from those facts are taken as true. *Waterford Executive Group, Ltd. v. Clark/Bardes, Inc.*, 261 Ill. App. 3d 338, 343 (1994).

A trial court should grant a motion to dismiss if, after construing the relevant documents supporting the motion in the light most favorable to the party opposing the motion, the court finds no disputed factual issues (*Meyers v. Rockford Systems, Inc.*, 254 Ill. App. 3d 56, 61 (1993)) and finds that no set of facts can be proved that would entitle plaintiff to recover. *Nikolic v. Seidenberg*, 242 Ill. App. 3d 96, 99 (1993). A reviewing court must consider whether, on *de novo* review, there are genuine issues of material fact that precluded dismissal or, absent such facts, whether dismissal was proper as a matter of law. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993).

■ Minnesota's supreme court has recognized that accrual of a claim for limitations purposes begins after the plaintiff has suffered injury as a result of the defendant's alleged negligence. See *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 158 N.W.2d 580 (1968); *Offerdahl v. University of Minnesota Hospitals & Clinics*, 426 N.W.2d 425 (Minn. 1988). In *Dalton*, a case involving a worker's exposure to a harmful chemical, the court found that the plaintiff's claim accrues and the statute of limitations begins to run when the plaintiff has suffered some injury as a result of the alleged negligence. *Dalton*, 280 Minn. at 153, 158 N.W.2d at 583. The court further observed:

"Under our statutes it has been determined that ignorance of a cause of action not involving continuing negligence or trespass, or

fraud on the part of the defendant, does not toll the accrual of a cause of action. Since *Cock v. Van Etten,* 12 Minn. 431 (522), we have adhered to the rule that, except where relief is sought on the ground of fraud, the statute provides no exception in favor of those who may be ignorant of the existence of the cause of action." *Dalton,* 280 Minn. at 153, 158 N.W.2d at 584.

Searle relies heavily on *Dalton,* asserting that the clock began ticking as early as 1985, when plaintiff had surgery that revealed scarring and adhesions on her ovaries. We concur that the holding of *Dalton* indicates that, once some damage is manifest, the statute begins to run, regardless of whether plaintiff is at that time aware of the cause of damage or injury. As the court observed in *Dalton,* "[t]he subjective determination of the accrual of his cause of action contended for by plaintiff is obviously without support in our decisions." *Dalton,* 280 Minn. at 154, 158 N.W.2d at 585. Accordingly, it appears that plaintiff's cause of action indeed accrued in 1985 and thus would be time-barred by the applicable Minnesota statutes of limitations.

Similarly, in *Offerdahl,* the plaintiff brought suit against the University Hospital, alleging malpractice in failing to disclose the risks associated with Cu-7 IUD use and seeking damages incurred as a result of the insertion of the IUD. Citing *Dalton,* the court determined that "[a]lleged negligence coupled with the alleged resulting damage is the gravamen in deciding the date when the cause of action accrued." *Offerdahl,* 426 N.W.2d at 429. The court observed further:

"Offerdahl's allegation of negligence relates to acts or omissions by the University on August 9, 1977, the date the Copper-7 IUD was inserted. Under *Dalton,* her cause of action accrued when she sustained damage resulting from this negligence. Offerdahl sustained damage, and was aware of such damage, by January 28, 1979, when she was hospitalized for PID and the Copper-7 IUD was removed. Because Offerdahl's cause of action accrued on January 28, 1979, and this action was not commenced until June 19, 1984, her claim is barred ***." *Offerdahl,* 426 N.W.2d at 429.

Under both *Dalton* and *Offerdahl,* plaintiff's cause of action accrued, and the limitations period commenced, following medical diagnosis of injury in 1985. Since plaintiff initiated this action in 1995, the trial court was correct to dismiss all three counts as untimely.

Plaintiff relies on two federal decisions construing Minnesota law to avoid such a conclusion. In *Hildebrandt v. Allied Corp.,* 839 F.2d 396 (8th Cir. 1987), the court observed:

"Under Minnesota law, two elements must be satisfied under the discovery rule before a cause of action accrues in cases involv-

ing injuries caused by a defective product: (1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission." *Hildebrandt*, 839 F.2d at 398.

The same analysis, cognizable injury and causal connection, was applied in *Klempka v. G.D. Searle & Co.*, 963 F.2d 168 (8th Cir. 1992), where the court found:

"Applying these principles, we find that Klempka's cause of action accrued in February 1977. At that time, Klempka was diagnosed with chronic PID, and her physician informed her that the Cu-7 caused the PID and the 'massive infections' in both fallopian tubes. Therefore, we hold that in February 1977 both the injury was manifest and the cause of her injury was identified." *Klempka*, 963 F.2d at 170.

Both *Hildebrandt* and *Klempka* recognize a second prong absent in *Dalton* and *Offerdahl*, namely, that in addition to knowledge of injury, there must be evidence of a causal connection between the injury and defendant's conduct. However, our examination of Minnesota law fails to explain this departure and indicates that the guidelines set out in *Dalton* are still observed in Minnesota. See *Hermeling v. Minnesota Fire & Casualty Co.*, 548 N.W.2d 270 (Minn. 1996); *O'Neill v. Illinois Farmers Insurance Co.*, 381 N.W.2d 439 (Minn. 1986).

While we do not disagree with the requirement that a plaintiff must have some evidence of a causal connection between injury and a defendant's conduct or product, we are bound to give effect to the precedent established by Minnesota's supreme court. See *People v. McCauley*, 163 Ill. 2d 414 (1994) (state courts possess ultimate authority to interpret state law). Therefore, we find that plaintiff's cause of action accrued in 1985, after she underwent surgery that revealed significant gynecological injuries.

■ Plaintiff maintains that an exception exists for the fraud count against Searle. An action for fraud must be commenced within six years from the date of "discovery by the aggrieved party of the facts constituting the fraud." Minn. Stat. Ann. § 541.05, subd. 1(6) (1988). The limitations period begins running when the fraud is discovered or, in the exercise of reasonable diligence, should have been discovered. *Toombs v. Daniels*, 361 N.W.2d 801, 809 (Minn. 1985). A party's failure to actually discover the fraud will not toll the statute of limitations if such failure of discovery is inconsistent with reasonable diligence. *Bustad v. Bustad*, 263 Minn. 238, 243, 116 N.W.2d 552, 555 (1962). The plaintiff bears the burden of proving that she did not, and could not through the exercise of reasonable diligence,

discover the fraud within six years before commencement of the action. *Blegen v. Monarch Life Insurance Co.*, 365 N.W.2d 356, 357 (Minn. App. 1985).

Generally, in a statute of limitations context, fraudulent concealment and a plaintiff's due diligence are questions of fact unsuited for summary judgment or involuntary dismissal. See *Hines v. A.O. Smith Harvestore Products, Inc.*, 880 F.2d 995, 999 (8th Cir. 1989). However, where the evidence leaves no room for a reasonable difference of opinion, the court may properly resolve such issues as a matter of law. *Miles v. A.O. Smith Harvestore Products, Inc.*, 992 F.2d 813, 817 (8th Cir. 1993); see also *Jordan v. Lind*, 176 Ill. App. 3d 530 (1988).

■ The allegations of fraud in count I of plaintiff's complaint consist of Searle's misrepresentation to the Food and Drug Administration that (1) the "frequency of symptoms suggesting pelvic inflammatory diseases was 1.84 per 100 woman years when in fact they had insufficient data upon which to base such representation," and (2) "the side effects observed in Copper-7 tests were not serious." Plaintiff does not indicate when these representations were made, the manner in which they were made, or whether she or her physicians relied upon them. We cannot find fraud in the abstract and, without more, cannot review whether plaintiff's cause of action for fraud was commenced within six years from the date of "discovery by the aggrieved party of the facts constituting the fraud."

■ Plaintiff states, in her reply brief to this court, that "[u]ntil she learned that she had been injured, Ms. Mackereth had no reason to investigate the question of whether Searle had misrepresented its product." Plaintiff's complaint reveals that she underwent a diagnostic laparoscopy in 1985, which revealed adhesions covering her right ovary, a "densely adhesed" left fallopian tube and "sheets of filmy adhesions" covering her left ovary. In light of these significant injuries, plaintiff had a duty to investigate the Cu-7 as a possible cause. Such failure has been found to be inconsistent with plaintiff's duty of reasonable diligence. See *Klehr v. A.O. Smith Corp.*, 875 F. Supp. 1342, 1350 (D. Minn. 1995); *Veldhuizen v. A.O. Smith Corp.*, 839 F. Supp. 669, 676 (D. Minn. 1993); *Blegen*, 365 N.W.2d at 357.

■ Plaintiff further contends that Searle fraudulently concealed her cause of action, thus tolling the statute of limitations. Searle argues that plaintiff has waived her fraudulent concealment argument because it was not raised in response to Searle's motion to dismiss. Generally, arguments not raised in the trial court are waived and may not be raised for the first time on appeal. *Kessler v. Zekman*, 250 Ill. App. 3d 172, 185 (1993). However, when a theory is set out in the complaint, it is preserved for appeal on a motion to dismiss even

though it was not specifically briefed or argued in the trial court. *Kraustrunk v. Chicago Housing Authority*, 95 Ill. App. 3d 529, 534 (1981).

■ Under Minnesota law, "fraudulent concealment occurs when a party against whom a cause of action exists prevents another 'from obtaining knowledge thereof,' and the statute of limitations begins to run 'only from the time the cause of action is discovered or might have been discovered by the exercise of diligence.' " *Goellner v. Butler*, 836 F.2d 426, 431 (8th Cir. 1988), citing *Schmucking v. Mayo*, 183 Minn. 37, 235 N.W. 633 (1931). Mere silence or failure to disclose does not constitute fraudulent concealment. *Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775 (1975). The plaintiff's ignorance of a cause of action will not toll the statute, and it is not necessary for the plaintiff to know the details of her cause of action. *Goellner*, 836 F.2d at 431. To establish fraudulent concealment, plaintiff must prove there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false or was made in reckless disregard of its truth or falsity, and that the concealment could not have been discovered by reasonable diligence. *Haberle v. Buchwald*, 480 N.W.2d 351 (Minn. 1992); *Collins v. Johnson*, 374 N.W.2d 536 (Minn. 1985).

The allegations of affirmative misrepresentation in plaintiff's complaint are limited to Searle's alleged statements to the FDA. As discussed above, such statements, even when all reasonable inferences are construed in plaintiff's favor, do not offer legally sufficient evidence of Searle's fraudulent concealment. Therefore, we find that plaintiff's claims against Searle remain barred. See *Goellner*, 836 F.2d at 432.

Accordingly, the action filed in the circuit court of Cook County on February 23, 1995, would not have been timely if brought in Minnesota. Therefore, by reason of our borrowing statute (735 ILCS 5/13—210 (West 1992)), it cannot be maintained in Illinois. For this reason, we affirm the trial court's order of dismissal.

Affirmed.

CERDA and GALLAGHER, JJ., concur.