SIXTH DIVISION
 December 20, 1996




 














No. 1-95-4194

SHARON MACKERETH, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County.
 )
 v. )
 )
G.D. SEARLE AND CO., SEARLE )
PHARMACEUTICALS, INC., and SEARLE )
LABORATORIES, a Division of )
SEARLE PHARMACEUTICALS, INC., ) Honorable
 ) Jennifer Duncan-Brice,
 Defendants-Appellees. ) Judge Presiding.

 JUSTICE GREIMAN delivered the opinion of the court:
 Sharon Mackereth (plaintiff), a Minnesota resident, brought
this action against G.D. Searle & Co. (Searle) to recover damages
for injuries that she attributes to her use of a Copper-7
intrauterine contraceptive (IUD or Cu-7) manufactured and
marketed by Searle. Plaintiff's complaint consisted of three
counts, alleging fraud, negligence and strict liability. Pursuant
to a section 2-619 motion brought by Searle (735 ILCS 5/2-619
(West 1992)), the trial court dismissed plaintiff's complaint as
time-barred under the Minnesota statute of limitations. The issue
before this court is whether plaintiff's complaint was timely
filed. For the reasons that follow, we affirm the trial court's
order of dismissal.
 Plaintiff began using the CU-7 in July of 1981. The IUD was
prescribed and inserted in Minnesota. Plaintiff used the IUD for
a two-year period, during which time she experienced irregular
bleeding, heavier menstrual periods, cramps and painful
intercourse. Plaintiff had the IUD removed in July of 1983.
 Subsequently, plaintiff suffered a series of gynecological
injuries and underwent several remedial procedures, including a
diagnostic laparoscopy in 1985, which revealed that both her
ovaries were covered with adhesions; surgery in 1989 which
revealed adhesions covering plaintiff's fallopian tube and a
diagnosis of pelvic inflammatory disease (PID); surgical
intervention of three ectopic pregnancies in 1991, 1992 and 1993;
the removal of a fallopian tube; and residual infertility. 
 Plaintiff's complaint alleges that, although she was
examined and treated by numerous physicians since 1983, she was
not informed until May of 1993 that her injuries were likely
caused by use of the Cu-7 10 years earlier.
 On February 23, 1995, 12 years after the CU-7 was removed,
plaintiff filed this action in the circuit court of Cook County,
Searle's principal place of business being Illinois. The trial
court granted Searle's motion to dismiss, finding her claim had
expired under the applicable Minnesota statute of limitations. 
 Initially, we must determine which law is to be applied in
this case. Statutes of limitation are procedural, affecting only
the remedy available and not the substantive rights of the
parties, and are generally governed by the law of the forum
state. Cox v. Kaufman, 212 Ill. App. 3d 1056 (1991). Accordingly,
since Illinois is the forum state, this court looks to Illinois'
law relating to the limitation of actions. 
 Our General Assembly has enacted a "borrowing statute"
addressing the statute of limitations to be applied where the
cause of action has arisen outside our state. It provides: 
 "Foreign limitation. When a cause of action has
 arisen in a state or territory out of this State, or in
 a foreign country, and, by the laws thereof, an action
 thereon cannot be maintained by reason of the lapse of
 time, an action thereon shall not be maintained in this
 State." 735 ILCS 5/13-210 (West 1992).
 Plaintiff's cause of action undeniably arose in Minnesota,
where the IUD was prescribed, placed, used and caused injury.
Accordingly, we look to Minnesota law in order to determine
whether plaintiff's claim was timely. The applicable Minnesota
statute of limitation states that the following actions shall be
commenced within six years:
 "(5) For criminal conversation, or for any other
 injury to the person or rights of another, not arising
 on contract, and not hereinafter enumerated;
 (6) For relief on the ground of fraud, in which
 case the cause of action shall not be deemed to have
 accrued until the discovery by the aggrieved party of
 the facts constituting the fraud[.]" Minn. Stat. Ann.,
 sec. 541.05, subd. 1, (West 1988).
 Minnesota law further provides that "any action based on the
strict liability of the defendant and arising from the
manufacture, sale, use or consumption of a product shall be
commenced within four years." Minn. Stat. Ann., sec. 541.05,
subd. 2 (West 1988). Therefore, under Minnesota law, plaintiff's
negligence and fraud claims must have been brought within six
years of the accrual of plaintiff's cause of action and within
four years for the product liability claim.
 Section 2-619(a)(5) of the Code of Civil Procedure
authorizes a defendant to file a motion to dismiss on the ground
that the action was not commenced within the time prescribed by
law. 735 ILCS 5/2-619(a)(5) (West 1992). For purposes of the
motion to dismiss, all well-pleaded facts in the pleadings as
well as reasonable inferences to be drawn from those facts are
taken as true. Waterford Executive Group, Ltd. v. Clark/Bardes,
Inc., 261 Ill. App. 3d 338, 343 (1994).
 A trial court should grant a motion to dismiss if, after
construing the relevant documents supporting the motion in the
light most favorable to the party opposing the motion, the court
finds no disputed factual issues (Meyers v. Rockford Systems,
Inc., 254 Ill. App. 3d 56, 61 (1993)) and finds that no set of 
facts can be proved that would entitle plaintiff to recover.
Nikolic v. Seidenberg, 242 Ill. App. 3d 96, 99 (1993). A
reviewing court must consider whether, on de novo review, there
are genuine issues of material fact that precluded dismissal or,
absent such facts, whether dismissal was proper as a matter of
law. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d
112, 116-17 (1993).
 Minnesota's supreme court has recognized that accrual of a
claim for limitations purposes begins after the plaintiff has
suffered injury as a result of the defendant's alleged
negligence. See, Dalton v. Dow Chemical Co., 280 Minn. 147, 158
N.W.2d 580 (1968); Offerdahl v. University of Minnesota Hospitals
& Clinics, 426 N.W.2d 425 (Minn. 1988). In Dalton, a case
involving a worker's exposure to a harmful chemical, the court
found that the plaintiff's claim accrues and the statute of
limitations begins to run when the plaintiff has suffered some
injury as a result of the alleged negligence. Dalton, 280 Minn.
at 153, 158 N.W.2d at 583. The court further observed:
 "Under our statutes it has been determined that
 ignorance of a cause of action not involving continuing
 negligence or trespass, or fraud on the part of the
 defendant, does not toll the accrual of a cause of
 action. Since Cock v. Van Etten, 12 Minn. 431 (522), we
 have adhered to the rule that, except where relief is
 sought on the ground of fraud, the statute provides no
 exception in favor of those who may be ignorant of the
 existence of the cause of action." Dalton, 280 Minn. at
 153, 158 N.W.2d at 584.
 Searle relies heavily on Dalton, asserting that the clock
began ticking as early as 1985, when plaintiff had surgery that
revealed scarring and adhesions on her ovaries. We concur that
the holding of Dalton indicates that, once some damage is
manifest, the statute begins to run, regardless of whether
plaintiff is at that time aware of the cause of damage or injury.
As the court observed in Dalton, "[t]he subjective determination
of the accrual of his cause of action contended for by plaintiff
is obviously without support in our decisions." Dalton, 280 Minn.
at 154, 158 N.W.2d at 585. Accordingly, it appears that
plaintiff's cause of action indeed accrued in 1985 and thus would
be time-barred by the applicable Minnesota statutes of
limitations.
 Similarly, in Offerdahl, the plaintiff brought suit against
the University Hospital, alleging malpractice in failing to
disclose the risks associated with Cu-7 IUD use and seeking
damages incurred as a result of the insertion of the IUD. Citing
Dalton, the court determined that "[a]lleged negligence coupled
with the alleged resulting damage is the gravamen in deciding the
date when the cause of action accrued." Offerdahl, 426 N.W.2d at
429. The court observed further:
 "Offerdahl's allegation of negligence relates to acts 
 or omissions by the University on August 9, 1977, the date
 the Copper-7 IUD was inserted. Under Dalton, her cause of
 action accrued when she sustained damage resulting from this
 negligence. Offerdahl sustained damage, and was aware of
 such damage, by January 28, 1979, when she was hospitalized
 for PID and the Copper-7 IUD was removed. Because
 Offerdahl's cause of action accrued on January 28, 1979, and
 this action was not commenced until June 19, 1984, her claim
 is barred ***." Offerdahl, 426 N.W.2d at 429.
 Under both Dalton and Offerdahl, plaintiff's cause of action
accrued, and the limitations period commenced, following medical
diagnosis of injury in 1985. Since plaintiff initiated this
action in 1995, the trial court was correct to dismiss all three
counts as untimely.
 Plaintiff relies on two federal decisions construing
Minnesota law to avoid such a conclusion. In Hildebrandt v.
Allied Corp., 839 F.2d 396 (8th Cir. 1987), the court observed:
 "Under Minnesota law, two elements must be
 satisfied under the discovery rule before a cause of
 action accrues in cases involving injuries caused by a
 defective product: (1) a cognizable physical
 manifestation of the disease or injury, and (2)
 evidence of a causal connection between the injury or
 disease and the defendant's product, act, or omission.
 Hildebrandt, 839 F.2d at 398. 
 The same analysis, cognizable injury and causal connection,
was applied in Klempka v. G.D. Searle & Co., 963 F.2d 168 (8th
Cir. 1992), where the court found:
 "Applying these principles, we find that Klempka's
 cause of action accrued in February 1977. At that time,
 Klempka was diagnosed with chronic PID, and her
 physician informed her that the Cu-7 caused the PID and
 the 'massive infections' in both fallopian tubes.
 Therefore, we hold that in February 1977 both the
 injury was manifest and the cause of her injury was
 identified." Klempka, 963 F.2d at 170.
 Both Hildebrandt and Klempka recognize a second prong absent
in Dalton and Offerdahl, namely, that in addition to knowledge of
injury, there must be evidence of a causal connection between the
injury and defendant's conduct. However, our examination of
Minnesota law fails to explain this departure and indicates that
the guidelines set out in Dalton are still observed in Minnesota.
See Hermeling v. Minnesota Fire & Casualty Co., 548 N.W.2d 270
(Minn. 1996); O'Neill v. Illinois Farmers Insurance Co., 381
N.W.2d 439 (Minn. 1986).
 While we do not disagree with the requirement that a
plaintiff must have some evidence of a causal connection between
injury and a defendant's conduct or product, we are bound to give
effect to the precedent established by Minnesota's supreme court.
See People v. McCauley, 163 Ill. 2d 414 (1994) (state courts
possess ultimate authority to interpret state law). Therefore, we
find that plaintiff's cause of action accrued in 1985, after she
underwent surgery that revealed significant gynecological
injuries. 
 Plaintiff maintains that an exception exists for the fraud
count against Searle. An action for fraud must be commenced
within six years from the date of "discovery by the aggrieved
party of the facts constituting the fraud." Minn. Stat. Ann. sec.
541.05 subd. 1(6) (1988). The limitations period begins running
when the fraud is discovered or, in the exercise of reasonable
diligence, should have been discovered. Toombs v. Daniels, 361
N.W.2d 801, 809 (Minn. 1985). A party's failure to actually
discover the fraud will not toll the statute of limitations if
such failure of discovery is inconsistent with reasonable
diligence. Bustad v. Bustad, 263 Minn. 238, 243, 116 N.W.2d 552,
555 (1962). The plaintiff bears the burden of proving that she
did not, and could not through the exercise of reasonable
diligence, discover the fraud within six years before
commencement of the action. Blegen v. Monarch Life Insurance Co.,
365 N.W.2d 356, 357 (Minn. App. 1985).
 Generally, in a statute of limitations context, fraudulent
concealment and a plaintiff's due diligence are questions of fact
unsuited for summary judgment or involuntary dismissal. See Hines
v. A.O. Smith Harvestore Products, Inc., 880 F.2d 995, 999 (8th
Cir. 1989). However, where the evidence leaves no room for a
reasonable difference of opinion, the court may properly resolve
such issues as a matter of law. Miles v. A.O. Smith Harvestore
Products, Inc., 992 F.2d 813, 817 (8th Cir. 1993); see also
Jordan v. Lind, 176 Ill. App. 3d 530 (1988).
 The allegations of fraud in count I of plaintiff's complaint
consist of Searle's misrepresentation to the Food and Drug
Administration that (1) the "frequency of symptoms suggesting
pelvic inflammatory diseases was 1.84 per 100 woman years when in
fact they had insufficient data upon which to base such
representation," and (2) "the side effects observed in Copper-7
tests were not serious." Plaintiff does not indicate when these
representations were made, the manner in which they were made, or
whether she or her physicians relied upon them. We cannot find
fraud in the abstract, and without more, cannot review whether
plaintiff's cause of action for fraud was commenced within six
years from the date of "discovery by the aggrieved party of the
facts constituting the fraud."
 Plaintiff states, in her reply brief to this court, that
"[u]ntil she learned that she had been injured, Ms. Mackereth had
no reason to investigate the question of whether Searle had
misrepresented its product." Plaintiff's complaint reveals that
she underwent a diagnostic laparoscopy in 1985, which revealed
adhesions covering her right ovary, a "densely adhesed" left
fallopian tube and "sheets of filmy adhesions" covering her left
ovary. In light of these significant injuries, plaintiff had a
duty to investigate the Cu-7 as a possible cause. Such failure
has been found to be inconsistent with plaintiff's duty of
reasonable diligence. See Klehr v. A.O. Smith Corp., 875 F. Supp.
1342, 1350 (D. Minn. 1995); Veldhuizen v. A.O. Smith Corp., 839
F. Supp. 669, 676 (D. Minn. 1993); Blegen, 365 N.W.2d at 357.
 Plaintiff further contends that Searle fraudulently
concealed her cause of action, thus tolling the statute of
limitations. Searle argues that plaintiff has waived her
fraudulent concealment argument because it was not raised in
response to Searle's motion to dismiss. Generally, arguments not
raised in the trial court are waived and may not be raised for
the first time on appeal. Kessler v. Zekman, 250 Ill. App. 3d
172, 185 (1993). However, when a theory is set out in the
complaint, it is preserved for appeal on a motion to dismiss even
though it was not specifically briefed or argued in the trial
court. Kraustrunk v. Chicago Housing Authority, 95 Ill. App. 3d
529, 534 (1981).
 Under Minnesota law, "fraudulent concealment occurs when a
party against whom a cause of action exists prevents another
'from obtaining knowledge thereof,' and the statute of
limitations begins to run 'only from the time the cause of action
is discovered or might have been discovered by the exercise of
diligence.'" Goellner v. Butler, 836 F.2d 426, 431 (8th Cir.
1988) citing Schmucking v. Mayo, 183 Minn. 37, 235 N.W. 633
(1931). Mere silence or failure to disclose does not constitute
fraudulent concealment. Wild v. Rarig, 302 Minn. 419, 234 N.W.2d
775 (1975). The plaintiff's ignorance of a cause of action will
not toll the statute, and it is not necessary for the plaintiff
to know the details of her cause of action. Goellner, 836 F.2d at
431. To establish fraudulent concealment, plaintiff must prove
there was an affirmative act or statement which concealed a
potential cause of action, that the statement was known to be
false or was made in reckless disregard of its truth or falsity,
and that the concealment could not have been discovered by
reasonable diligence. Haberle v. Buchwald, 480 N.W.2d 351 (Minn.
1992); Collins v. Johnson, 374 N.W.2d 536 (Minn. 1985).
 The allegations of affirmative misrepresentation in
plaintiff's complaint are limited to Searle's alleged statements
to the FDA. As discussed above, such statements, even when all
reasonable inferences are construed in plaintiff's favor, do not 
offer legally sufficient evidence of Searle's fraudulent
concealment. Therefore, we find that plaintiff's claims against
Searle remain barred. See Goellner, 836 F.2d at 432. 
 Accordingly, the action filed in the circuit court of Cook
County on February 23, 1995, would not have been timely if
brought in Minnesota. Therefore, by reason of our borrowing
statute (735 ILCS 5/13-210 (West 1992)), it cannot be maintained
in Illinois. For this reason, we affirm the trial court's order
of dismissal.
 Affirmed.
 CERDA, J., and GALLAGHER, J., concur.