# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Hart v. Kieu Le*, 2013 IL App (2d) 121380

---

| | |
|---|---|
| Appellate Court Caption | LYNETTE Y. HART, Plaintiff-Appellant, v. LOAN KIEU LE, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-1380 |
| Filed | August 26, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's refiled personal injury action was properly dismissed as untimely where the record showed that plaintiff's initial action was filed electronically one day after the statute of limitations expired due to the fact that the return date for the summons selected by the paralegal in the initial timely filing was unavailable and caused the entire filing to be rejected by the electronic filing system, and the successful initial filing one day after the expiration of the limitations period precluded the application of section 13-217 of the Code of Civil Procedure and the equitable tolling doctrine to rehabilitate the rejected filing, especially in the absence of a showing of due diligence on plaintiff's part. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-AR-384; the Hon. James D. Orel, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Ryan J. Harrington, of Kuhn, Mitchell, Moss, Mork & Lechowicz, LLC, of Naperville, for appellant. |
| | |
| | Carisa J. Krieg, of Law Office of John H. Currie, of Chicago, for appellee. |

| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Schostok and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Lynette Y. Hart, appeals from an order of the circuit court of Du Page County dismissing, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)), her personal injury lawsuit against defendant, Loan Kieu Le. As explained at greater length below, the disposition of this appeal depends on whether, under principles of "equitable tolling," a prior lawsuit between the same parties was timely filed. On the record before us, we cannot conclude that it was. We therefore affirm.

¶ 2    For reasons that are unclear, defendant's motion to dismiss the lawsuit does not appear in the record on appeal. However, plaintiff's written response to the motion and defendant's written reply to that response indicate that defendant moved for dismissal on the basis that the lawsuit was time-barred. Plaintiff's complaint, which was filed on February 14, 2012, sought recovery for injuries sustained in a motor vehicle accident that occurred on July 29, 2008. Plaintiff had sought recovery for the same injuries in a prior lawsuit that was dismissed for want of prosecution on February 24, 2011. Pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 2010)), an action that is dismissed for want of prosecution may be refiled within one year or the remaining limitations period. "Section 13-217 is termed a 'saving statute' or 'revival statute' because it 'revives' a plaintiff's previous, *timely filed* complaint, beyond the limitations period, where no adjudication on the merits has been obtained and the complaint has been dismissed for procedural reasons." (Emphasis added.) *Mercantile Holdings, Inc. v. Feldman*, 258 Ill. App. 3d 748, 751 (1994).

¶ 3    Although plaintiff refiled her lawsuit within one year of the dismissal of the prior lawsuit, defendant contended that the prior lawsuit was not filed within the applicable limitations period, so section 13-217 did not apply. On appeal, plaintiff does not dispute that the complaint in the prior lawsuit was filed one day after the expiration of the applicable limitations period. However, she argues that the complaint should be considered timely under the "equitable tolling" doctrine. Before considering that argument, a few observations about the procedural posture of this appeal are in order. As noted, this appeal is before us on an order of dismissal entered pursuant to section 2-619 of the Code. Section 2-619 provides, in

pertinent part:

"(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(5) That the action was not commenced within the time limited by law.

\* \* \*

(c) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." 735 ILCS 5/2-619(a)(5), (c) (West 2010).

¶ 4    We have noted that:

"When a defendant moves for involuntary dismissal under section 2-619 of the Code and no jury demand has been made and genuine disputed questions of fact are present, the court has two options: it may deny the motion without prejudice to the right to raise the subject matter of the motion by answer or it may hear and determine the merits of the dispute based upon the pleadings, affidavits, counteraffidavits, and other evidence offered by the parties. When the latter course is taken, our duty on appeal is to review not only the law, but also the facts, and to reverse the circuit court's order if it is clearly against the manifest weight of the evidence." *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 912 (1993).

¶ 5    Here, plaintiff did not deny that her complaint was filed outside the applicable limitations period. Rather she sought to establish facts obviating the limitations defense via the joint operation of section 13-217 and the equitable tolling doctrine. "Generally, the doctrine of equitable tolling permits a court to excuse a plaintiff's failure to comply with a statute of limitations where 'because of disability, irremediable lack of information, or other circumstances beyond his control,' the plaintiff cannot reasonably be expected to file suit on time." *Williams v. Board of Review*, 241 Ill. 2d 352, 360 (2011) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). Equitable tolling requires a showing of due diligence on the part of the plaintiff. *Id.* "Due diligence is a 'fact-specific inquiry, guided by reference to the hypothetical reasonable person' \*\*\*." *Id.* at 372 (quoting *Former Employees of Siemens Information Communication Networks, Inc. v. Herman*, 24 Ct. Int'l Trade 1201, 1208 (2000)). However, "where the evidence leaves no room for a reasonable difference of opinion, the court may properly resolve such issues as a matter of law." *Mackereth v. G.D. Searle & Co.*, 285 Ill. App. 3d 1070, 1077 (1996).

¶ 6    In support of her equitable tolling theory, plaintiff supplied the trial court with an affidavit from a paralegal employed by the law firm that filed the lawsuit on plaintiff's behalf. The paralegal averred that her duties included "on line [*sic*] filing using Dupage [*sic*]

County's Internet Case Filing System (i2File)." With reference to the present case, the paralegal averred as follows in paragraphs 2 through 4 of her affidavit:

"2. On July 29, 2010, I scanned and saved the summons and complaint and entered the i2File.net website to file the documents. I filed the documents in the same manner as I had in the past. I received a confirmation notice that i2File had received the summons and complaint.

3. Late in the afternoon of July 29, 2010, notice was received that the summons and complaint had been rejected due to the fact that the date chosen in the the [*sic*] summons was unavailable. I inserted a new date on the summons and refiled both the summons and the complaint prior to the close of business on July 29, 2010. I had never had a filing rejected because of a summons date.

4. It wasn't until July 30, 2010 that I received notice that the filing was denied. I learned that the date selected for the summons was not available so the entire filing was rejected."

¶ 7     Local rules of the circuit court of Du Page County provide for the implementation of an electronic filing (*i.e.* "e-filing") system using private vendors as intermediaries between litigants and the clerk of the court. Under the rules, when a vendor receives an electronic document and submits it to the clerk, the vendor shall issue confirmation of the time and date of receipt of the document. 18th Judicial Cir. Ct. R. 5.11(d) (Nov. 16, 2004). The confirmation shall "serve as proof that the document has been submitted to the Clerk." *Id.* The rules provide that "[e]ach document reviewed and accepted for filing by the Clerk of Court shall receive an electronic file stamp" indicating the time and date of filing (18th Judicial Cir. Ct. R. 5.11(e) (Nov. 16, 2004)) and that "[a]ny document filed electronically shall be considered as filed with the Clerk of the Circuit Court upon review and acceptance, and the transmission has been completed with the Clerk's electronic filing stamp" (18th Judicial Cir. Ct. R. 5.11(a) (Nov. 16, 2004)). However, "any document filed with a [v]endor on a day or at a time when the Clerk is not open for business, unless rejected by the Clerk, shall be deemed to have been accepted at the opening time of the next business day of the Clerk." 18th Judicial Cir. Ct. R. 5.11(c) (Nov. 16, 2004).

¶ 8     Notably, in certain circumstances, the trial court may give effect to unsuccessful attempts to electronically file documents. Local Rule 5.14(b) provides:

"If an electronic filing is not filed with the Clerk because of (1) an error in the transmission of the document to the [v]endor which was unknown to the sending party or (2) a failure to process the electronic filing when received by the [v]endor or (3) *rejection by the Circuit Court Clerk* or (4) other technical problems experienced by the filer or (5) the party was erroneously excluded from the service list, the Court may upon satisfactory proof enter an order permitting the document to be subsequently filed effective as of the date the filing was first attempted." 18th Judicial Cir. Ct. R. 5.14(b) (Nov. 16, 2004).

¶ 9     Initially we note that, taken alone, the paralegal's affidavit fails, as a matter of law, to establish due diligence. The affidavit is vague with respect to the time of day when the paralegal made her second attempt to file plaintiff's complaint. The paralegal stated that she

did so "prior to the close of business" on July 29, 2010. It is unclear, however, whether she was referring to the business hours of the clerk's office or those of her law firm. If the paralegal attempted to refile the complaint and summons *after* the clerk's office closed, those documents, even if accepted by the clerk, would have been deemed to have been filed on July 30, 2010 (18th Judicial Cir. Ct. R. 5.11(c) (Nov. 16, 2004)), on which date the action was time-barred. The paralegal's affidavit is also vague with respect to the time of day when she learned that the first attempt to file the complaint had been unsuccessful. Thus, we cannot gauge whether the paralegal had a reasonable opportunity to refile before the clerk's office closed for the day.

¶ 10    Plaintiff argues that "the computer system's rejection of the summons and complaint" was beyond the paralegal's control. According to plaintiff, those documents were rejected "not because of any incorrect procedure on [the paralegal's] part, but because the selected date was unavailable within the system itself." However, the paralegal's affidavit does not indicate how she selected the return date for the summons, whether the vendor or the clerk's office provided any method of confirming the availability of a particular return date, or whether the paralegal actually made any effort to confirm the availability of the return date she selected.

¶ 11    In addition, the clerk's rejection of the summons and complaint submitted on July 29, 2010, did not necessarily foreclose plaintiff from commencing the action within the two-year limitations period. If, as plaintiff claims, the paralegal was not at fault, the trial court would likely have been receptive to a request pursuant to Local Rule 5.14(b) to permit the summons and complaint to be filed effective as of July 29, 2010–when the paralegal first attempted to file those documents. Due diligence would require an attempt to obtain relief under that rule. Here, however, the record contains no indication that plaintiff made any such attempt. Rather, plaintiff let the prior lawsuit be dismissed for want of prosecution and she now seeks to apply the equitable tolling doctrine collaterally to the complaint in that lawsuit. Under these circumstances, it cannot be said that plaintiff acted with due diligence.

¶ 12    To the extent that plaintiff raised a question of fact beyond the affidavit, the lack of a complete record of what transpired in the trial court hinders our review of the dismissal order. It is well established that "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. On October 31, 2012, the trial court entered an order stating that defendant's motion to dismiss was "entered and continued for more information from the Du Page County Clerks [*sic*] office concerning electronic filing of the complaint for November 13, 2012." The trial court granted the motion on November 13, 2012, but the record contains neither a transcript nor a substitute (see Ill. S. Ct. R. 323 (eff. Dec. 13, 2005)) of the proceedings that took place on that date. Plaintiff did not file a jury demand. Therefore, in deciding the motion to dismiss pursuant to section 2-619, the trial court was entitled to resolve material questions of fact. *A.F.P. Enterprises, Inc.*, 243 Ill. App. 3d at 912. However, we do not know what information, if any, the court received from the

clerk's office, and how any such information affected the trial court's decision. Similarly, we do not know whether the parties presented additional evidence bearing on whether equitable tolling was appropriate. Pursuant to *Foutch*, we must assume that there were sufficient factual and legal grounds for the trial court's determination that the doctrine of equitable tolling did not apply here.

¶ 13      For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 14      Affirmed.