[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10160
_____

D.C. Docket No. 4:14-cv-00078-CDL

MAXINE C. HAMPTON,

Plaintiff - Appellant,

versus

MENTOR CORPORATION,
MENTOR WORLDWIDE LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 22, 2018)

Before WILSON and BLACK, Circuit Judges, and SCHLESINGER,[*] District
Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

This appeal comes before us from the Mentor Corporation ObTape multidistrict litigation. We have recently decided two extremely similar appeals: *Alvarado v. Mentor Corp.*, No. 16-16600, 2017 WL 5495459 (11th Cir. Nov. 16, 2017) and *Rogers v. Mentor Corp.*, 682 F. App'x 701 (11th Cir. 2017). All three cases require us to interpret the Minnesota rule of accrual for the statute of limitations. After independent review, we agree with the *Alvarado* and *Rogers* panels and hold that the discovery rule applies. We reverse the district court's grant of summary judgment to Mentor on statute of limitations grounds.

## I.

ObTape was a product that purported to treat stress urinary incontinence.[1] In February 2005, Hampton's physician, Dr. Patel, implanted her with ObTape. Although her urinary incontinence symptoms improved after the implantation, in November 2007, she returned to Dr. Patel, complaining of hematuria, urinary tract infections, and brownish vaginal discharge. Dr. Patel found that a portion of the ObTape had protruded into Hampton's vagina, and he advised her to have this portion of the ObTape removed.

---

[1] We recite the facts here only for purposes of reviewing the district court's ruling. Accordingly, "what we state as facts in this opinion for purposes of reviewing the rulings on the summary judgment motions are the facts for present purposes, but they may not be the actual facts." *Kelly v. Curtis*, 21 F.3d 1544, 1546 (11th Cir. 1994) (internal quotation marks omitted).

2

Dr. Patel explained to Hampton that some of the ObTape was protruding, and that the protrusion may have caused her symptoms.  He did not discuss with her the reason for the protrusion's occurrence.  He removed that portion on January 3, 2008, and Hampton's immediate symptoms improved.  At some point between September 15, 2008 and June 30, 2010, Hampton saw a television commercial discussing the ObTape litigation.

Some years later, in February 2014, Hampton filed the instant complaint in Minnesota state court.  Mentor removed the case to the United States District Court for the District of Minnesota.  The Panel on Multidistrict Litigation transferred the case to the Middle District of Georgia.  In 2016, Mentor filed a Motion for Summary Judgment alleging that under Minnesota's six-year statute of limitations, Hampton's claim was time-barred, because she knew of a connection between ObTape and her injury in November 2007.  The district court agreed, holding that Hampton's claim accrued by the time of her excision procedure, because by that time she had "suffered injuries that were connected to an erosion of the ObTape" and she "knew of, strongly suspected, or had enough information to know of a connection between ObTape and at least some of [her] injuries."  This appeal ensued.

II.

3

We review a grant of summary judgment de novo. *F.E.B. Corp. v. United States*, 818 F.3d 681, 685 (11th Cir. 2016). We view the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

Minnesota's statute of limitations for a negligence claim is six years. Minn. Stat. § 541.05 subd. 1(5). The question in this case is when that statute begins to run. Minnesota law is ambiguous on this point. *See Alvarado*, 2017 WL 5495459, at *2; *Rogers*, 682 F. App'x at 708–09. In the absence of clarity from the Minnesota state courts, we look to the federal courts embracing Minnesota, as they are called upon most often to interpret that state's law. *See MacGregor v. State Mut. Life Assurance Co.*, 315 U.S. 280, 281, 62 S. Ct. 607, 607 (1942).

Per Eighth Circuit precedent, Minnesota applies a discovery rule of accrual to its statute of limitations. *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th

4

Cir. 1987).[2]  Under that rule, "two elements must be satisfied . . . before a cause of action accrues in cases involving injuries caused by a defective product: (1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission."  *Id.*  "Knowing of *a connection* is simply not the same as knowing of a *causal* connection."  *Rogers*, 682 F. App'x at 709 (footnote omitted).

## III.

We must now determine whether there is a genuine dispute of material fact as to when Hampton had both (1) a cognizable physical manifestation of the disease or injury and (2) evidence of a causal connection between the injury or disease and ObTape.  The district court believed there was no genuine dispute over this matter, concluding that Hampton "connected (or had enough information to connect) at least some of her injuries to ObTape" after her excision procedure because she was "told at the time that a portion of her ObTape had to be removed" and because after the procedure, her symptoms improved.  Stated differently, the district court found that, at the time of her excision procedure, Hampton had "suffered injuries that were connected to an erosion of the ObTape," and she

---

[2] Mentor repeats many of the same arguments on this point as it did in *Rogers* and *Alvarado*. We agree with those panels in rejecting Mentor's request to have us apply a different rule than did the Eighth Circuit in *Hildebrandt*. *See generally Alvarado*, 2017 WL 5495459, at *2; *Rogers*, 682 F. App'x at 708 n.4.

"knew of, strongly suspected, or had enough information to know of a connection between ObTape and at least some of [her] injuries."

But this is not a correct application of the standard. Hampton must have had evidence of a causal connection between her injuries and the ObTape. Mere suspicion of the cause of the injury is not enough to trigger the discovery rule. *See Hildebrandt*, 839 F.2d at 399 ("There is a substantial difference between knowledge of injury and the cause of that injury and mere suspicion."). Taking the facts in the light most favorable to Hampton, *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513, a reasonable jury could find that Hampton had no objective evidence of ObTape's causal connection to her symptoms at the time of the excision procedure.

Dr. Patel did not tell Hampton why the ObTape protruded. In fact, Hampton alleges that Dr. Patel himself could not have even known at the time of the excision procedure that ObTape was defective, because Mentor put misleading statements into its product information sheets. Hampton further alleges that Dr. Patel thought that infections such as Hampton's were potential complications of the *surgery itself*, and not of the ObTape product. This is similar to *Rogers*, in which Mentor could not "point to any evidence that the doctors indicated that ObTape was not merely involved but was the actual *cause* of the symptoms," 682 F. App'x at 710, and to *Alvarado*, where "no doctor was certain whether or not he

6

told Ms. Alvarado about a causal connection between her injuries and *the ObTape*." 2017 WL 5495459, at *3.

Just as in those cases, here we find, viewing the facts in the light most favorable to Hampton, that a reasonable jury could return a verdict in her favor. We are not holding that Hampton did not know of a causal connection between her symptoms and the ObTape at the time of her excision procedure. Rather, we are holding that there are enough facts for a reasonable jury to be able to find that she did not have evidence of such a connection. Therefore, we must reverse the district court and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

7